Harry A. BLACHMAN, As a Taxpayer, Plaintiff-Appellant,

v.

ERIEVIEW CORPORATION, City of Cleveland, Housing and Home Finance Agency, Robert C. Weaver, Administrator, Public Housing Administration, Robert C. Weaver, Administrator, United States of America, Defendants-Appellees.

No. 15044.

United States Court of Appeals
Sixth Circuit.

Dec. 19, 1962.

Harry A. Blachman, Cleveland, Ohio, for appellant.

Ralph S. Locher, Director of Law, Joseph H. Crowley, Chief Counsel, Daniel J. O'Loughlin, Asst. Director of Law, Cleveland, Ohio, for City of Cleveland.

Bricker, Evatt, Barton, Eckler & Niehoff, Richard C. Pickett, Columbus, Ohio, for Erieview Corporation.

James D. Guilfoyle, Acting Asst. Atty. Gen., Morton Hollander, Jerry C. Strauss, Attorneys, Department of Justice, Washington, D. C., Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, for the United States.

Before O'SULLIVAN and SMITH,* Circuit Judges, and BOYD, District Judge.

J. JOSEPH SMITH, Circuit Judge.

The City of Cleveland is proceeding with federal assistance to redevelop through its "Erieview" project a commercial area for commercial uses. The Cleveland City Charter permits a taxpayer to institute proceedings to restrain "the misapplication of funds of

* U. S. Circuit Judge, Second Circuit, sitting by designation.

the City, or abuse of its corporate powers, or execution or performance of any contract made in behalf of the City in contravention of law" after demand to institute such a suit has been made on the City Director of Law and he has refused. See Cleveland City Charter, sections 87, 90. Plaintiff-appellant, as a taxpayer, brings such an action in federal court, alleging that the City has entered into an illegal contract with the United States for loan to the City of funds for urban renewal unauthorized by statute and a second illegal contract with the Erieview Corporation for sale to it of lands for redevelopment under the first contract. Federal question jurisdiction is claimed to exist under 28 U.S.C. § 1331. Plaintiff's motion pursuant to 28 U.S.C. § 1653 to amend his complaint to allege the jurisdictional amount more fully is granted. Since under local law he sues in the right of the municipality, the amended allegation of financial loss to it appears to be sufficient. It may also be assumed that plaintiff presents a case or controversy suitable for determination in federal court. Cf. Everson v. Board of Education, 330 U.S. 1, 67 S.Ct. 504, 91 L.Ed. 711 (1947); Doremus v. Board of Education, 342 U.S. 429, 434–435, 72 S.Ct. 394, 96 L.Ed. 475 (1952).

The land which the Erieview Corporation is to redevelop is part of a Cleveland project known as "Erieview" which is aimed at redeveloping a predominantly commercial area for commercial uses. This is the same project unsuccessfully attacked in Grisanti v. City of Cleveland, 179 N.E.2d 798 (Ohio Com.Pl.1961), aff'd 181 N.E.2d 299 (Ohio Ct.App.1962), appeal dismissed, 173 Ohio St. 386, 182 N.E.2d 568 (1962), appeal dismissed for want of a substantial federal question, 83 S.Ct. 111. The statute which the appellant here claims to have been violated by the federal grant of funds is 73 Stat. 675 (1959), as amended, 42 U.S.C. § 1460(c) which provides as here relevant:

"Financial assistance shall not be extended under this subchapter with respect to any urban renewal area which is not predominantly residential in character and which, under the urban renewal plan therefor, is not to be redeveloped for predominantly residential uses: Provided, That, if the governing body of the local public agency determines that the redevelopment of such an area for predominantly nonresidential uses is necessary for the proper development of the community, the Administrator may extend financial assistance under this subchapter for such a project: Provided further, That the aggregate amount of capital grants contracted to be made pursuant to this subchapter with respect to such projects after September 23, 1959 shall not exceed 20 per centum of the aggregate amount of grants authorized by this subchapter to be contracted for after such date."

The District Court for the Northern District of Ohio, Ben C. Green, J., granted a motion to dismiss the complaint for failure to state a claim on which relief could be granted filed by the defendant City of Cleveland in which the other defendants joined, and plaintiff appeals. The Court did not pass on other questions of jurisdiction and governmental immunity in view of the dismissal. We affirm the judgment dismissing the action.

The District Court concluded from a reading of the statute and the relevant legislative history that a contract such as the one between the City and the United States was authorized by the statute, and that the plaintiff had therefore made no showing of its illegality. This contract being proper, the subsidiary contract between the City and Erieview Corporation was also found to be legal.

Appellant's efforts to reword the statute so as to prohibit the contracts in suit are unavailing. The meaning of the statute is quite plain as it is written, even without the strong reinforcement found in the legislative history referred to in Judge Green's memorandum below. The proviso in terms au-

thorizes redevelopment of "such an area." This plainly refers to "any urban renewal area which is not predominantly residential * * * *and* which * * * is not to be redeveloped for predominantly residential uses * * *." Appellant argues that the statute should be restated in positive terms by eliminating the "nots." This may be an interesting exercise in semantics, but quite plainly alters the meaning of the language as used, which is that a limited portion (at that time 20%) of the funds only was to be available for redevelopment of areas neither predominantly residential in origin nor in ultimate use. No claim has been advanced that the requisite determination has not been made by the governing body of the local public agency or that the aggregate amount of capital grants contracted to be made under the proviso in question exceeds 20 per centum of the aggregate amount under the subchapter. Appellant's contentions on interpretation of the statutory provisions border on the frivolous.

Judgment affirmed.