329 F.2d 131
 David SMITH and Erwin Gross, on behalf of themselves as
taxpayers and on behalf of all other taxpayers of
the Virgin Islands, Appellants,
v.
The GOVERNMENT OF the VIRGIN ISLANDS, Mario Lewis as
Commissioner of Property and Procurement and Steadman Hodge,
 No. 14545.
 United States Court of Appeals Third Circuit.
 Argued at Charlotte Amalie Jan. 28, 1964.
Decided Feb. 28, 1964.
 
 Harry Dreis, St. Thomas, V.I., for appellants.
 Joseph N. Tauber, Asst. Atty. Gen., John W. Newman, St. Thomas, V.I., for appellees.
 Before MARIS, STALEY and ALDRICH, Circuit Judges.
 MARIS, Circuit Judge.
 
 
 1
 The plaintiffs, David Smith and Erwin Gross, suing on behalf of themselves and all other taxpayers of the Virgin Islands, brought this suit in the District Court of the Virgin Islands against the Government of the Virgin Islands, Mario Lewis, its Commissioner of Property and Procurement, and Steadman Hodge, to declare illegal and void the conveyance of a piece of escheated property in St. Thomas by defendant Lewis to defendant Hodge for the sum of $200, and for injunctive relief. The defendants filed answers and moved for the dismissal of the suit upon the ground that the plaintiffs lacked the requisite capacity to maintain it. The district court granted the motion and dismissed the suit. The plaintiffs have appealed.
 
 5 V.I.C. 80 provides:
 
 2
 '80. Taxpayers' suits
 
 
 3
 'A taxpayer may maintain an action to restrain illegal or unauthorized acts by a territorial officer or employee, or the wrongful disbursement of territorial funds.'[1]
 
 
 4
 We are satisfied that under this statute the plaintiffs had capacity to bring the present suit and that the district court erred in holding otherwise. The purpose of the statute is the salutary one of enabling taxpayers to obtain the aid of the district court to restrain any illegal acts of territorial authorities or any illegal diminution of territorial funds or property either through the unlawful creation of territorial debt, the unlawful expenditure of territorial funds or the unlawful alienation of territorial property. Such suits are freely entertained at common law in most of the states and territories[2] and serve a very useful public purpose in keeping within legal bounds the actions of government officers, especially in dealing with the public property and funds. Particularly are such suits useful in territories, such as the Territory of the Virgin Islands, where the territorial governor is appointed from Washington and neither he nor the executive officers and employees appointed by him are answerable to the voters of the territory or subject to impeachment or removal by the elected territorial legislature. Buscaglia v. District Court of San Juan, 1 Cir. 1944, 145 F.2d 274, cert. den. 323 U.S. 793, 65 S.Ct. 434, 89 L.Ed. 632; Reynolds v. Wade, 9 Cir. 1957, 249 F.2d 73, 17 Alaska 401. In the Buscaglia case the Supreme Court of Puerto Rico and the Court of Appeals for the First Circuit upheld the right of a Puerto Rican taxpayer to maintain a suit to restrain the alleged illegal expenditure of insular funds, and in the Reynolds case the Court of Appeals for the Ninth Circuit upheld the right of a taxpayer in the Territory of Alaska to maintain a similar suit. The following statement by the Supreme Court of the Territory of Hawaii in Lucas v. American Haw. E. & C. Co., 1904, 16 Hawaii 80, 86-87, is equally pertinent:
 
 
 5
 '* * * The right of a taxpayer to bring suit to restrain a public officer from doing an illegal act has been settled in this jurisdiction since the case of Castle et al. v. Kapena, 5 Haw. 27 (1883). If the question could be considered an open one we should follow the rule laid down in Crampton v. Zabriskie, 101 U.S. 601, (25 L.Ed. 1070), and in (Union Pacific R.) Co. v. Hall, 91 U.S. 343, (23 L.Ed. 428) cited in Castle v. Kapena. It is not necessary that the plaintiff should show actual damage to himself and to all others similarly situated, as is contended by the Assistant Attorney General. The cause of action is the alleged improper awarding of a contract, after a call for tenders based on indefinite specifications. If there has been a violation or evasion of the law requiring the awarding of the contract to the lowest bidder, after a public advertisement for tenders, damage is presumed to result to all taxpayers. The object of the suit is to prevent the violation of the law. The consequences which may result in case the law is disregarded are so obvious that no proof of actual pecuniary damage is necessary. In Crampton v. Zabriskie the court (101 U.S.) on page 609 (25 L.Ed. 1070) says: '* * * From the nature of the powers exercised by municipal corporations, the great danger of their abuse, and the necessity of prompt action to prevent irremediable injuries, it would seem eminently proper for courts of equity to interfere upon the application of the taxpayers of a county to prevent the consummation of a wrong, when the officers of the corporations assume, in excess of their powers, to create burdens upon property-holders. Certainly in the absence of legislation restricting the right to interfere in such cases to public officers of the state or county, there would seem to be no substantial reason why a bill by or on behalf of individual taxpayers should not be entertained to prevent the misuse of corporate power.' The plaintiff comes within the rule, and no further showing as to damages is necessary under the facts in this case.'
 
 
 6
 In our view the alleged minuteness of the amount of the present taxpayers' interests may not be urged as a ground for denying them standing to sue. For the statute does not impose upon them any requirement as to the minimum amount of their taxes, either in absolute terms or in relation to the amount of funds or property involved in the suit. It merely requires a showing that they are territorial taxpayers. Having made such a showing the plaintiffs are entitled under the statute to sue to restrain illegal or unauthorized acts by a territorial officer or employee or the wrongful disbursement of territorial funds or alienation of territorial property. Moreover the statute does not require that the alleged illegal act which is sought to be restrained involves public funds or property to which the plaintiffs' tax payments have contributed, or even that the alleged illegal act involves the public funds or property at all. For us to hold otherwise would be to put an unwarranted gloss upon the statute and to defeat pro tanto its salutary purpose.
 
 
 7
 The defendants cite cases from other jurisdictions which hold that a plaintiff in a taxpayer's suit must show special damage to himself different in character from that suffered by the general body of taxpayers. Those cases are not apposite, however, since, as we have seen, the Virgin Islands statute imposes no such requirement. Moreover the rule laid down in those cases seems to us inconsistent with the basic concept of a taxpayer's suit to the extent that it requires a plaintiff to show special personal damage other than the prospect which he shares with other taxpayers of having to pay increased taxes or face a reduction in public services or facilities.
 
 
 8
 The cases of Massachusetts v. Mellon, 1923, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078, and Doremus v. Board of Education, 1952, 342 U.S. 429, 72 S.Ct. 394, 96 L.Ed. 475, upon which the district court relied, are not controlling here. The former involved a federal taxpayer who sought to challenge a federal statute involving federal revenues. It is true that the Supreme Court in that case held that a federal taxpayer does not have standing to attack the expenditure of federal funds. But the Court pointed out that the standing of a local taxpayer to attack the expenditure of local funds may be quite different. The Court said as to this (262 U.S. at p. 486, 43 S.Ct. at p. 601, 67 L.Ed. 1078):
 
 
 9
 '* * * The interest of a taxpayer of a municipality in the application of its moneys is direct and immediate, and the remedy by injunction to prevent their misuse is not inappropriate. It is upheld by a large number of state cases and is the rule of this Court. Crampton v. Zabriskie, 101 U.S. 601, 609 (25 L.Ed. 1070, 1071).'
 
 
 10
 The position of a taxpayer in the Virgin Islands is analogous to that of the local taxpayer referred to by the Court in the Massachusetts case.
 
 
 11
 The Doremus case was one in which the plaintiffs brought suit as taxpayers to have a statute of the State of New Jersey declared invalid under the First Amendment, because it provided for the reading of the Bible in the public schools. The Supreme Court said (342 U.S. at p. 434, 72 S.Ct. at p. 397, 96 L.Ed. 475) that 'It is apparent that the grievance which it is sought to litigate here is not a direct dollars-and-cents injury but is a religious difference' and held that, under the circumstances of the case, the plaintiffs did not have standing as taxpayers to maintain the suit.
 
 
 12
 Since in the present case the plaintiffs have sufficiently alleged their standing to sue the case must go back to the district court for consideration on its merits.
 
 
 13
 The judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 The Revision note to this section states:
 Section is new and is designed to clarify the right of a taxpayer to bring an action to restrain unlawful action by a territorial officer or employee. Similar provisions appear in the laws of a majority of the states. The section is believed to be declaratory of existing law.'
 
 
 [2]
 Crampton v. Zabriskie, 1880, 101 U.S. 601, 25 L.Ed. 1070; Lucas v. American Haw. E. & C. Co., 1904, 16 Hawaii 80; Buscaglia v. District Court of San Juan, 1 Cir. 1944, 145 F.2d 274; Reynolds v. Wade, 9 Cir. 1957, 249 F.2d 73, 17 Alaska 401. See Davis, Administrative Law Treatise, 1958, vol. 3, 22.09, 22.10; Jaffe, Standing to Secure Judicial Review: Public Actions, 74 Harv.L.Rev. 1265; Ibid: Private Actions, 75 Harv.L.Rev. 255 (1961); Annotation, Right of citizen or taxpayer to enjoin waste or expenditure of state funds, 58 A.L.R. 588; 52 Am.Jur., Taxpayers' Actions, 2, 3, 6