**DAVID SMITH and HARRY DREIS, as Executor of the Estate of ERWIN GROSS Deceased, on Behalf of Themselves as Taxpayers and on Behalf of all other Taxpayers of the Virgin Islands,**
Plaintiffs
v.
**THE GOVERNMENT OF THE VIRGIN ISLANDS, MARIO LEWIS, as Commissioner of Property and Procurement, and STEADMAN HODGE, Defendants**

## Civil No. 189-1962
## District Court of the Virgin Islands

Div. of St. Thomas and St. John

## May 7, 1965

*See, also, 240 F.Supp. 809*

HARRY DREIS, St. Thomas, Virgin Islands, *for David Smith*

JOHN L. NEWMAN, St. Thomas, Virgin Islands, *for Steadman Hodge*

PETER O'DEA, Assistant Attorney General, St. Thomas, Virgin Islands, *for the Government of the Virgin Islands and Mario Lewis, Commissioner of Property and Procurement*

GORDON, *District Judge*

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On the 1st day of April, 1965, the trial of the above captioned case on the merits came on for hearing before the

Court. The testimony of witnesses was adduced and the arguments of counsel were made. The Court took the matter under advisement and granted leave to any attorney to file briefs within thirty days. The thirty days have expired and the briefs of counsel have not been filed. Therefore, the premises considered, the Court makes the following:

FINDINGS OF FACT

1. The plaintiff, David Smith, now and at all times pertinent to this case has been a taxpayer and owner of property in St. Thomas, Virgin Islands.

2. The defendant, Government of the Virgin Islands, is an unincorporated Territory of the United States, created pursuant to the Revised Organic Act of the Virgin Islands enacted July 22, 1954. [Ch. 558, § 1, 68 Stat. 497.]

3. The defendant, Mario Lewis, was appointed Commissioner of Property and Procurement by the Governor of the Virgin Islands with the advice and consent of the Legislature pursuant to Title 3 Virgin Islands Code § 212 and at all times relevant herein has acted in his official capacity.

4. The defendant, Steadman Hodge, is presently the owner of property 8T Domini Gade, King's Quarter, St. Thomas, Virgin Islands having acquired the property by means hereinafter described.

5. On the 23rd day of October, 1961, this Court entered an order in the case of the Government of the Virgin Islands v. Francois Marten, et al., Civil No. 72-1961, escheating property No. 8T Domini Gade, Kongen's Quarter (King's Quarter), St. Thomas, Virgin Islands to the Government of the Virgin Islands pursuant to Title 15 Virgin Islands Code § 121 et seq.

6. On the 30th day of March, 1962, the Fourth Legislature of the Virgin Islands of the United States sitting in Regular Session passed Bill No. 1659 which reads as follows:

"The Governor of the Virgin Islands is hereby authorized to transfer to the Department of Property and Procurement a small plot of land at Domini Gade No. 8T, St. Thomas, Virgin Islands, for sale at a reasonable price to Mr. Steadman Hodge, to be used solely for construction of a home thereon."

7. Thereafter, on June 8, 1962, the defendant Mario Lewis, as Commissioner of Property and Procurement, sold the aforementioned parcel of land to the defendant Steadman Hodge for the sum of $200.00.

8. Commencing sometime in December, 1960 and through 1961 or 1962, the defendant David Smith expressed his interest to the defendant Mario Lewis to purchase the aforementioned property either through a private sale or by a public sale.

9. The value of 8T Domini Gade, King's Quarter, St. Thomas, Virgin Islands at the time of the sale to the defendant Steadman Hodge was $1,000.00.

From the foregoing findings of fact, the Court makes the following:

CONCLUSIONS OF LAW

1. The plaintiff, David Smith, has the capacity to bring the present suit as a territorial taxpayer pursuant to Title 5 Virgin Islands Code § 80 which provides:

"A taxpayer may maintain an action to restrain illegal or unauthorized acts by a territorial officer or employee, or the wrongful disbursement of territorial funds."

See, also, Smith v. Government of the Virgin Islands, 4 V.I. 489, 329 F.2d 121.

2. The Act of the Legislature, Bill No. 1659, was inconsistent with the escheat laws of the Virgin Islands. [Title 15 Virgin Islands Code § 121 et seq.] and permitted the unlawful alienation of territorial property. Thus, any action taken by the Governor of the Virgin Islands and the Commissioner of Property and Procurement pursuant to said act of the Legislature, is unlawful.

■ 3. Where provision has been made by an existing general law, no special law should be enacted which contravenes those provisions. Thus, when there is any conflict in the provisions of the special law with the provisions of the general law, the general law shall prevail. In the case at bar the general escheat law would prevail over the special law disposing of government escheated property to Steadman Hodge.

■ Also, the operation of any general law shall not be suspended by the legislature for the benefit of individuals, corporations, or associations. Jones v. Jones, 95 Ala. 443, 11 So. 11.

■ ■ 4. The "Special Act" of the Legislature, Bill No. 1659, is in direct violation of 48 United States Code § 1471 which provides:

"The legislatures of the Territories of the United States now or hereafter to be organized shall not pass local or special laws in any of the following enumerated cases, that is to say: * * *

"Granting to any corporation, association or individual any special or exclusive privilege, immunity, or franchise whatever.

"In all other cases where a general law can be made applicable, no special law shall be enacted in any of the Territories of the United States by the Territorial legislatures thereof. July 30, 1886, c. 818, § 1, 24 Stat. 170."

and in violation of § 8(a) and § 8(c) of the Revised Organic Act of the Virgin Islands enacted July 22, 1954, 68 Stat. 497, and is thus unconstitutional.

■ 5. The appropriate procedure for the disposition of escheated property is adequately provided for in Title 15 Virgin Islands Code § 126 and should have been followed by the United States Attorney.