Adelbert M. **BRYAN** and the Committee for Quality Assurance in the Establishment of Medical Education in St. Croix and Ronald E. Russell Plaintiffs,

v.

Charles W. **TURNBULL**, PhD., Governor of the U.S. Virgin Islands; Noreen Michael PhD., Commissioner of Education; Mavis Matthew, M.D., Commissioner of Health; Laverne Ragster, PhD., President of the University

---

of the Virgin Islands; Michael P. Potts, M.D., C.E.O., Governor JFL Hospital and Medical Center, St. Croix, U.S.V.I.; Rodney Miller, C.E.O., Governor Roy Lester Schneider Hospital and Medical Center, St. Thomas, U.S. Virgin Islands; Juel T. Molloy, Chief of Staff to the Governor of the U.S. Virgin Islands; Iver Stridiron, Esq., Virgin Islands Attorney General; Queen Terry, Esq., Chief Legal Counsel to the Governor, Dr. Thelma Watson, Chair, Virgin Islands Board of Medical Examiners; Ms. Lillian Gumbs, Chair, Virgin Islands Board of Nurse Licensure, Defendants.

No. CIV.2003/0141.

District Court, Virgin Islands,
D. St. Croix.

Nov. 18, 2003.

Adelbert Bryan, Frederiksted, VI, Pro se.

Martial Webster, Esq., Ronald E. Russell, Esq., Frederiksted, VI, for Committee for Quality Assurance in the Establishment of Medical Education in St. Croix.

Samuel H. Hall, Jr., Esq., Birch de Jongh Hindels & Hall, Poinsettia House at Bluebeard's Castle, St. Thomas, VI, for Defendant Laverne Ragster.

Angela P. Tyson–Floyd, Esq., Mark Hodge, Esq., Assistant Attorneys General, Department of Justice, Office of Attorney General, Christiansted, VI, for all other Defendants.

### MEMORANDUM OPINION

FINCH, Chief Judge.

THIS MATTER comes before the Court on Plaintiffs' Motion for Declaratory Judgment.

## I. BACKGROUND

On August 7, 2003, Defendant Governor Charles W. Turnbull, PhD issued Executive Orders 408–2003, 409–2003, and 410–2003 [hereinafter "EO–408," "EO–409," and "EO 410," respectively]. EO 408 is a charter to authorize the United States Virgin Islands College of Medicine, LLC. to establish a medical school in the district of St. Croix. EO 409 is a similar charter that authorizes the Medical Faculty Foundation, LLC to establish a medical school in the district of St. Thomas/St. John. EO 408 and 409 authorize the medical schools to enter into agreements, at their discre-tion, with the University of the Virgin Islands, the two Virgin Islands hospitals, and the Department of Health to further the educational objectives of the medical schools. EO 410 establishes the United States Virgin Islands Medical Commission.

Plaintiffs claim that by issuing these Executive Orders the Governor has exceeded his authority under sections 3 and 11 of the Revised Organic Act of 1954, 48 U.S.C. §§ 1561, 1591.

## II. STANDING

■ The Court cannot address the merits of Plaintiffs' claims unless it first determines that it has jurisdiction. According to section 22(a) of the Revised Organic Act of 1954, the District Court of the Virgin Islands has the jurisdiction of a District Court of the United States. 48 U.S.C. § 1612(a). The jurisdiction of a District Court of the United States is "defined and limited by Article III of the Constitution ... [and] is constitutionally restricted to 'cases' and 'controversies'." *Flast v. Cohen*, 392 U.S. 83, 94, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

■ A litigant's standing to challenge a law is a critical component of the case or controversy requirement of Article III, and thus of this Court's jurisdiction to hear the challenge. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Standing is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). If a plaintiff has not suffered an injury or does not stand to profit in some personal interest, the plaintiff has no standing and the court is without jurisdiction to consider the action. *See Allen v. Wright*, 468 U.S. 737, 751, 766, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).

■ Plaintiffs assert that they have standing as taxpayers of the Territory of the United States Virgin Islands. Under Virgin Islands law, "[a] taxpayer may maintain an action to restrain illegal or unauthorized acts by a territorial officer or employee, or the wrongful disbursement of territorial funds." 5 V.I.C. § 80. A Virgin Islands taxpayer has standing in the Territorial Court of the Virgin Islands pursuant to 5 V.I.C. § 80 "without the demonstration of a particularized injury." *Donastorg v. Government of Virgin Islands ex rel. Departments and Agencies and its Com'rs and Directors*, 2003 WL 21653354, *6 (Terr.V.I., June 24, 2003); *see also Smith v. Government of Virgin Islands*, 329 F.2d 131, 134 (3d Cir.1964) (recognizing that by showing that they are territorial taxpayers, plaintiffs are entitled under 5 V.I.C. § 80 to sue to restrain illegal or unauthorized acts by territorial officer or employee or wrongful disbursement of territorial funds or alienation of territorial property). However, in 1991 the Virgin Islands Legislature vested local civil actions in the Territorial Court, 4 V.I.C. § 76, and divested the District Court of jurisdiction over all local civil suits, which includes suits brought pursuant to 5 V.I.C. § 80. *See Brow v. Farrelly*, 994 F.2d 1027, 1034 (3d Cir.1993). Title 5 V.I.C. § 80 cannot be relied upon to establish standing in this Court because "[i]n a federal trial court … standing to sue is determined by federal law." *See Rocks v. City of Philadelphia*, 868 F.2d 644, 647 (3d Cir.1989) (quotation omitted).

■ This Court, which has the jurisdiction of a federal trial court, must exercise judicial restraint in matters involving fiscal affairs of the Territory. *See Taub v. Com. of Ky.*, 842 F.2d 912, 919 (6th Cir. 1988). When state taxpayers attack state spending in federal court, the integrity of the federalist structure must be considered. *Colorado Taxpayers Union, Inc. v. Romer*, 963 F.2d 1394, 1403 (10th Cir. 1992). Although the United States Virgin Islands is a Congressionally created territory, like a state, it has attributes of sovereignty. *See Harris v. Boreham*, 233 F.2d 110, 113–15 (3d Cir.1956) (indicating that Congress intended to give Territory of the Virgin Islands "full power of local self-determination"); *Jackson v. West Indian Co., Ltd.*, 944 F.Supp. 423, 428–29 (D.Vi. 1996).

"Unnecessary or abstract decisions by federal courts in cases where there is no case or controversy could unduly constrict experimental state welfare legislation and undermine local self–determination." *Colorado Taxpayers Union, Inc.*, 963 F.2d at 1403 (quotation omitted). "If taxpayers were granted standing to challenge state expenditures without demonstrating a direct injury, the ability of states to govern could be seriously impeded." *Tarsney v. O'Keefe*, 225 F.3d 929, 938 (8th Cir.2000). Similarly, the ability of the Territory to govern itself would be seriously impeded if territorial taxpayers were granted standing in federal court to challenge territorial expenditures without demonstrating a direct injury. Thus, the Court holds that Plaintiffs must show that the expenditures authorized by EO 408, 409 or 410 are "tied to a direct and palpable injury threatened or suffered" to secure standing. *See Colorado Taxpayers Union, Inc.*, 963 F.2d at 1401; *see also Taub*, 842 F.2d at 919 (holding that "state taxpayer-plaintiff must tie allegations of illegal expenditures to specific claim of direct and palpable injury threatened or suffered").

■ Plaintiffs present a generalized claim of injury. They do not claim to have suffered or been threatened with any direct and individual injury not shared by all taxpayers in the Territory. Therefore, Plaintiffs do not have standing.

## III. CONCLUSION

Because Plaintiffs do not have standing to pursue this action in this Court, the Court must dismiss for lack of jurisdiction. The Court does not reach the merits of Plaintiffs' motion for declaratory judgment.

### *ORDER*

THIS MATTER comes before the Court on Plaintiffs' Motion for Declaratory Judgment. The Court does not reach the merits of Plaintiffs' Motion, because, for the reasons stated in the accompanying Memorandum Opinion, the Court finds that Plaintiffs lack standing. Accordingly, it is hereby

ORDERED that this matter is DIS-MISSED for lack of jurisdiction; and is CLOSED.