Wayne OLSON, a Minor, by Arthur Olson, his Parent and Next Friend, Appellant,

v.

The BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT NO. 12, MALVERNE, NEW YORK, Luis Bejarano, President, Board of Education of Union Free School District No. 12, Malverne, New York, Luis Bejarano, Fred Hook, Thomas Hanrahan, Paul A. Stone and William H. Moody, Members of the Board of Education of Union Free School District No. 12, Malverne, New York, and James E. Allen, Jr., Commissioner of Education of the State of New York, Appellees.

No. 40, Docket 30591.

United States Court of Appeals Second Circuit.

Argued Sept. 28, 1966.

Decided Oct. 14, 1966.

Mason L. Hampton, Jr., Lynbrook, N. Y. (Gaylor, Hampton & Neimeth, Clarence William Gaylor, James M. Marrin, Lynbrook, N. Y., of counsel), for appellant.

John P. Jehu, Albany, N. Y. (Charles A. Brind, Jr., Albany, N. Y., counsel, State Education Department, Elizabeth M. Eastman, Louis H. J. Welch, Harry I. Margolis, Albany, N. Y., of counsel), for appellee James E. Allen, Jr., Commissioner of Education.

Joseph E. McMahon, New York City, for defendants-appellees, Board of Education of Union Free School District No. 12, Town of Hempstead, Nassau County, Individually and as Board of Education.

Robert L. Carter, Lewis M. Steel, and Joan Franklin, New York City, for Patricia Ann Mitchell, Frank Mathies, Jr., Cheryl Mathies and Brian Mathies, amici curiae.

Before MOORE, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM:

Appellant Wayne Olson, at the time this suit was instituted, was a student in the fifth grade at the Lindner Place School of the Union Free School District No. 12 of the Town of Hempstead, Nassau County, N. Y. (the "Malverne" School District). His father, Arthur Olson, brought this proceeding to contest an order of the Commissioner of Education of the State of New York which rezoned the District and thereby effected the shifting of his child, and many others, to the Woodfield Road School.

The Malverne School District operates one Senior High School (grades 9–12),

and one Junior High School (grades 6–9), which are attended by all children regardless of where they reside in the District. There are also three elementary schools (kindergarten–fifth grade), and prior to 1966 there were separate "attendance zones" for each of them. The "attendance zone" within which a child lived determined the elementary school he attended. Because of the residential pattern of the community, therefore, the enrollment of the Woodfield Road Elementary School was 91% Negro; the Lindner Place Elementary School was 18% Negro; and the Davison Avenue Elementary School was 21% Negro.[1]

In 1962 parents of Negro children appealed to the Commissioner of Education to reverse the local Board of Education's refusal to allow the transfer of their children from the Woodfield School to one of the two other elementary schools. The Commissioner referred this request to a three-man committee[2] for inquiry and report; this committee reported to the Commissioner that it found no evidence of different educational standards in the three elementary schools. Nevertheless, the committee concluded that the Woodfield School was "racially imbalanced" and that "the social, psychological and educational problems which are ordinarily found in segregated or racially imbalanced schools are present in this situation." The committee proposed four alternative plans to eliminate the "racial imbalance"; the Commissioner adopted one of these plans and ordered the "Malverne" School Board to establish a single district-wide "attendance zone" for grades four and five, and to create two "attendance zones" for kindergarten through third grade pupils. Thus all pupils in grades four and five, regardless of race, attend one school—the Woodfield School.

The Commissioner's decision was unsuccessfully attacked in the New York State Courts,[3] and the United States Supreme Court denied certiorari.[4] Now once again the Commissioner's order is being challenged by another party.

We need not consider all the arguments advanced by the parties, for we find one is dispositive of this appeal. In June 1966, Wayne Olson graduated from the fifth grade, and in September 1966 he entered the sixth grade (Junior High School). Since the Commissioner's order which Olson attacks did not alter the arrangements for pupils in the sixth through twelfth grades, he can no longer claim that he is adversely affected by the Commissioner's action. "Obviously no decision we could render now would protect any rights * * * [he] may once have had, and this Court does not sit to decide arguments after events have put them to rest." Doremus v. Board of Education, 342 U.S. 429, at 432–433, 72 S.Ct. 394, 396, 96 L.Ed. 475 (1952). The appeal must therefore be dismissed as moot.

---

1. Figures are for 1965.

2. The committee consisted of John H. Fischer of Columbia University, chairman; Rabbi Judah Cahn; and Kenneth B. Clark, now a member of the Board of Regents.

3. Vetere v. Allen, 41 Misc.2d 200, 245 N.Y.S.2d 682 (1963), reversed in part Vetere v. Mitchell, 21 A.D.2d 561, 251 N.Y.S.2d 480 (1964), aff'd 15 N.Y.2d 259, 258 N.Y.S.2d 77, 206 N.E.2d 174 (1965).

4. 382 U.S. 825, 86 S.Ct. 60, 15 L.Ed.2d 71 (1965).