Allan **WORTHING** and Rochelle **Worthing, Plaintiffs,**

v.

Harold **HOSEY, Supt. of Unified School Dist. No. 253, named in both his personal and official capacity et al., Defendants.**

Civ. A. No. 76–94–C6.

United States District Court,
D. Kansas.

Jan. 5, 1977.

**408**

Jim L. Lawing, Wichita, Kan., for plaintiffs.

John G. Atherton, of Atherton Hurt & Sanderson, Emporia, Kan., for defendants Hosey and Gerstner.

John F. Eberhardt and Robert L. Howard, Attys., of Foulston Siefkin Powers & Eberhardt, Wichita, Kan., for defendants Gideons International.

## MEMORANDUM AND ORDER

WESLEY E. BROWN, Chief Judge.

In this case the jurisdiction of the Court is invoked by the plaintiffs to determine the constitutionality of the distribution of Bibles to grade school children in the Emporia, Kansas, public schools by Gideons International, a non-profit corporation organized under the laws of the State of Illinois. Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201, and injunctive relief and "nominal" damages pursuant to 28 U.S.C. § 2202 and 42 U.S.C. §§ 1983, 1985. Jurisdiction of the parties is stipulated and subject matter jurisdiction is asserted pursuant to 28 U.S.C. § 1343. The matter now is before the Court for consideration of defendants' motions for summary judgment, which are submitted upon the parties' stipulations of fact.

The incidents complained of by the plaintiffs herein occurred on April 9 and April 15, 1975, when representatives of Gideons International [Gideons], with permission of the local Board of Education, distributed copies of the Bible, or portions thereof, to willing fifth and sixth grade students at the public schools of the Unified School District 253, Emporia, Lyon County, Kansas. Plaintiffs are the parents of two children who, at the time in question, attended third grade classes in the Emporia school system. Gideons is an organization which has as one of its objectives the placement of Bibles, or portions thereof, in hotels, hospitals, schools, institutions, and private homes throughout the United States. The defendant Harold Hosey, as Superintendent of Unified School District 253, is charged with carrying out the directives of the Board of Education in the District.

At a regular meeting of the Board of Education on April 8, 1975, permission was granted to Gideons at its request to make the distribution which we have referred to. The procedure outlined by the Board was that home room teachers of fifth and sixth graders would announce in class that the Bibles were available for those desiring them and that they could be obtained after school from representatives of Gideons. The representatives themselves were allowed to distribute the books only in an "out-of-the-way" location, such as the school auditorium. Certain of the students having to catch an early bus for home after school were to be released early, if they desired, to take part in the distribution. As we have indicated, the distributions did take place, and the above described procedures were followed.

The plaintiffs have stipulated that no announcement concerning distribution of Bibles was made in the third grade classes at the school which their children attended, and their children did not ask for, or receive, a Bible distributed by Gideons. The plaintiffs further stipulate that since May, 1975, neither of their children attended public schools in Unified School District 253 and, in the Spring of 1976, the plaintiffs and their children moved from Emporia, Kansas and Unified School District 253, to Derby, Kansas, where they now reside. Plaintiffs do not claim permanent psychological or emotional harm to themselves or their children resulting from the described actions of the defendants. They do claim that their religious freedom has been infringed upon by the defendants' concerted

acts and that their rights as taxpayers respecting establishment of religion have been interfered with, all contrary to the First and Fourteenth Amendments to the United States Constitution.

We do not and need not reach the constitutional question raised by plaintiffs. In our opinion, the plaintiffs lack standing to prosecute this action and the matter otherwise has been rendered moot. The defendants' motion for summary disposition of the case will therefore be sustained.

 The general principles respecting standing to sue, which apply with equal effect to the question of mootness, have been pronounced numerous times by this and other courts in the Federal system. Essentially, the constitutional dimension of standing, dictated by the "case or controversy" requirement of Art. III of the Constitution, mandates that the plaintiffs in any action allege some threatened or actual injury resulting from the putatively illegal conduct of the defendants before a Federal court may assume jurisdiction. See *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). The plaintiffs herein, therefore, must have some "personal stake in the outcome" of the litigation such as to assure that "concrete adverseness which sharpens the presentation of issues" to allow the determination of difficult constitutional questions. *O'Shea v. Littleton, supra,* at 494, 94 S.Ct. 669, 38 L.Ed.2d at 682. In this respect, it must reasonably be shown by the pleadings that the plaintiffs themselves have been injured, and not merely that other, unidentified members of an unrepresented class have suffered the alleged wrong. *Warth v. Seldin, supra,* 422 U.S. at 502, 95 S.Ct. 2197, 45 L.Ed.2d at 357. The burden of alleging such "case or controversy" between themselves and the defendants in this case is upon the plaintiffs. *Id.*

 As the Court has noted, it is stipulated that Gideons distributed Bibles, and announced such distribution, only to fifth and sixth graders of Unified School District 253. Plaintiffs' children were third graders at the time. We are compelled to conclude that the plaintiffs' children, and the plaintiffs themselves as parents, were singularly unaffected by the distribution. There is not even allegation that the distribution violated the particular religious sensibilities of the plaintiffs or their children, nor allegation that the children were in any way coerced to submit to the distribution against their will. Litigants who seek to vindicate their own value preferences through the judicial process when there is neither injury in fact to the plaintiffs nor a personal stake in the outcome of the controversy, that is, an actual and immediate interest, lack standing to sue. *O'Shea v. Littleton, supra.*

 Plaintiffs have made the argument that although Gideons has withdrawn its request to distribute Bibles in Unified School District 253, there is a substantial likelihood that future distributions may be made, thereby justifying issuance of declaratory judgment and injunction. The parties have stipulated, however, that the plaintiffs no longer reside in Unified School District 253 and their children no longer attend the affected schools. Regardless of whether Gideons may desire some time in the future to continue their distribution in Unified School District 253, no decision we could render now would protect any rights the plaintiffs may feel would be infringed at that time. This Court does not sit to decide arguments after events have put them to rest. *DeFunis v. Odegaard,* 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974); *Doremus v. Board of Education,* 342 U.S. 429, 72 S.Ct. 394, 96 L.Ed. 475 (1952). As to plaintiffs' generalized claim that we vindicate the rights of all parents in the State of Kansas who send their children to public schools, we note that this is not a class suit and such action would be inappropriate. We have not even been informed whether the plaintiffs' children are now attending school in Derby, Kansas, where they reside, or whether, if they do, such school is public, or, if so, whether Gideons has any design whatsoever to distribute Bibles there. These claims are too general-

ized and obscure to justify this Court's intervention.

▮ In addition to the claim that their religious freedom has been affected, the plaintiffs contend that they have standing to bring this action as taxpayers. They reason that tax monies were necessarily expended to maintain the school buildings and personnel where the challenged distribution took place in violation of the Establishment Clause of the United States Constitution, First Amendment. The principal case respecting standing of taxpayers to sue as taxpayers is *Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). There, the Supreme Court determined that taxpayers had standing when certain requirements are met: (1) that the claimant is in fact a taxpayer; (2) that tax dollars are being expended in furtherance of specific government business; (3) that there is a substantial expenditure of such funds; and (4) that these expenditures exceed the limits imposed by law, such as the Establishment Clause of the First Amendment, on the taxing and spending powers of the taxing authority. See *Troutman v. Shriver,* 417 F.2d 171 (5th Cir. 1969). The Court in *Flast* indicated that these principles would be applicable to challenges of state tax expenditures as well as Federal by referring favorably to *Doremus v. Board of Education, supra,* which involved such state expenditures. There can be no question that *Doremus* was specifically approved by the Court. *Flast v. Cohen, supra,* 392 U.S. at 102, 88 S.Ct. 1942, 20 L.Ed.2d at 963. What these two cases indicate clearly is that the taxpayer-claimant must establish a logical link between his status as taxpayer and the type of legislative action challenged, in this case the distribution of Bibles in public schools. However, this link or "nexus" is not established absent allegations that the activity is supported by a separate tax, paid for from a particular appropriation, or that it adds some sum to the cost of conducting and maintaining the public school system. *Doremus v. Board of Education, supra.* The Court in *Flast* stated specifically that "[i]t will not be sufficient to allege an incidental expenditure of tax funds in the administra-

tion of an essentially regulatory statute." *Flast v. Cohen, supra,* at 102, 88 S.Ct. at 1954, 20 L.Ed.2d at 963. No information is given us by the plaintiffs in this case respecting the kind of taxes they pay, and there is no averment that the Bible distribution, admittedly only a one-time affair, increased any tax they have or will possibly pay. No special tax or appropriation is alleged to have been required or levied to support Gideons' activities in this instance. Otherwise, it must be said that the plaintiffs' interests in Federal or State expenditures to maintain the facilities and personnel where the distribution took place are too "minute and indeterminable . . . remote, fluctuating and uncertain" to provide a basis for standing. *Frothingham v. Mellon,* 262 U.S. 447, 487, 43 S.Ct. 597, 601, 67 L.Ed.2d 1078, 1098 (1923). See also *Doremus v. Board of Education, supra.* That this principle respecting minute and remote injury is still effective to preclude Federal jurisdiction of a case, see *United States v. Richardson,* 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974). We conclude that the plaintiffs, as taxpayers, have failed to allege sufficiently that they have sustained or are immediately in danger of sustaining a direct injury as the result of the action complained of and therefore lack the standing necessary to maintain this action.

Again, with respect to possible future injury to the plaintiffs in their capacities as taxpayers, the fact that they have removed themselves from the affected school district renders the question moot and indeterminable at this time.

▮ In conclusion, we find that the plaintiffs have failed to allege facts sufficient to show they have suffered any injury whatsoever as a result of the defendants' activities either respecting their religious freedom or their status as taxpayers. They therefore have failed to present the Court with a "case or controversy" within the meaning of Art. III of the United States Constitution. In addition, the issue of future infringement of their rights has been rendered moot due to removal of their chil-

dren from Unified School District 253 public schools in the Spring of 1975. The plaintiffs' claim for "nominal" damages cannot be acknowledged under these circumstances, and the extraordinary remedy of injunction would be ineffective to affect their interests in any way were one to issue. Finally, the Declaratory Judgment Act itself requires that there exist between the parties before the Court "a case of actual controversy. . . ." 28 U.S.C. § 2201. Such a case does not exist here.

IT IS THEREFORE ORDERED that the motions of the defendants for summary judgment be, and the same are hereby, sustained; and that the Clerk enter judgment for the defendants and against the plaintiffs.