## DOREMUS ET AL. *v.* BOARD OF EDUCATION OF THE BOROUGH OF HAWTHORNE ET AL.

No. 9. Argued January 31, 1952.—Decided March 3, 1952.

· *Heyman Zimel* argued the cause and filed a brief for appellants.

*Theodore D. Parsons,* Attorney General, and *Henry F. Schenk,* Deputy Attorney General, argued the cause for appellees and filed a brief for the State of New Jersey. *Mr. Schenk* also filed a brief for the Board of Education of the Borough of Hawthorne, appellee.

Briefs of *amici curiae* supporting appellants were filed by *Leo Pfeffer, Will Maslow* and *Shad Polier* for the American Jewish Congress; and *Kenneth W. Greenawalt, Martin A. Schenck, Arthur Garfield Hays, Morris L. Ernst* and *Herbert Monte Levy* for the American Civil Liberties Union.

Briefs of *amici curiae* supporting appellees were filed by *Robert E. Woodside,* Attorney General, and *Harry F. Stambaugh* for the Commonwealth of Pennsylvania; *Denis M. Hurley, Michael A. Castaldi, Seymour B. Quel, Daniel T. Scannell* and *Arthur H. Kahn* for the City of New York on behalf of the Board of Education of the City of New York; and *Albert McCay* for the State Council of the Junior Order of United American Mechanics of New Jersey.

MR. JUSTICE JACKSON delivered the opinion of the Court.

This action for a declaratory judgment on a question of federal constitutional law was prosecuted in the state courts of New Jersey. It sought to declare invalid a statute of that State which provides for the reading, without comment, of five verses of the Old Testament at the opening of each public-school day. N. J. Rev. Stat., 1937, 18:14–77. No issue was raised under the State Constitution, but the Act was claimed to violate the clause of the First Amendment to the Federal Constitution prohibiting establishment of religion.

No trial was held and we have no findings of fact, but the trial court denied relief on the merits on the basis of the pleadings and a pretrial conference, of which the record contains meager notes. The Supreme Court of New Jersey, on appeal, rendered its opinion that the Act does not violate the Federal Constitution, in spite of jurisdic-

tional doubts which it pointed out but condoned as follows:

"No one is before us asserting that his religious practices have been interfered with or that his right to worship in accordance with the dictates of his conscience has been suppressed. . No religious sect is a party to the cause. No representative of, or spokesman for, a religious body has attacked the statute here or below. One of the plaintiffs is 'a citizen and taxpayer;' the only interest he asserts is just that and in those words, set forth in the complaint and not followed by specification or proof. It is conceded that he is a citizen and a taxpayer, but it is not charged and it is neither conceded nor proved that the brief interruption in the day's schooling caused by compliance with the statute adds cost to the school expenses or varies by more than an incomputable scintilla the economy of the day's work. The other plaintiff, in addition to being a citizen and a taxpayer, has a daughter, aged seventeen, who is a student of the school. Those facts are asserted, but, as in the case of the co-plaintiff, no violated rights are urged. It is not charged that the practice required by the statute conflicts with the convictions of either mother or daughter. Apparently the sole purpose and the only function of plaintiffs is that they shall assume the role of actors so that there may be a suit which will invoke a court ruling upon the constitutionality of the statute. Respondents urge that under the circumstances the question is moot as to the plaintiffs-appellants and that our declaratory judgment statute may not properly be used in justification of such a proceeding. *Cf. New Jersey Turnpike Authority v. Parsons*, 3 *N. J.* 235; *Massachusetts v. Mellon*, 262 *U. S.* 447, at 488, 43 *Sup. Ct.* 597, 67 *L. Ed.* 1078, at 1085 (1923). The point has substance but we have nevertheless concluded to dispose of the ap-

peal on its merits." 5 N. J. 435, 439, 75 A. 2d 880, 881–882 (1950).

Upon appeal to this Court, we considered appellants' jurisdictional statement but, instead of noting probable jurisdiction, ordered that "Further consideration of the question of the jurisdiction of this Court in this case and of the motion to dismiss or affirm is postponed to the hearing of the case on the merits." On further study, the doubts thus indicated ripen into a conviction that we should dismiss the appeal without reaching the constitutional question.

The view of the facts taken by the court below, though it is entitled to respect, does not bind us and we may make an independent examination of the record. Doing so, we find nothing more substantial in support of jurisdiction than did the court below. Appellants, apparently seeking to bring themselves within *Illinois ex rel. McCollum* v. *Board of Education,* 333 U. S. 203, assert a challenge to the Act in two capacities—one as parent of a child subject to it, and both as taxpayers burdened because of its requirements.

In support of the parent-and-school-child relationship, the complaint alleged that appellant Klein was parent of a seventeen-year-old pupil in Hawthorne High School, where Bible reading was practiced pursuant to the Act. That is all. There is no assertion that she was injured or even offended thereby or that she was compelled to accept, approve or confess agreement with any dogma or creed or even to listen when the Scriptures were read. On the contrary, there was a pretrial stipulation that any student, at his own or his parents' request, could be excused during Bible reading and that in this case no such excuse was asked. However, it was agreed upon argument here that this child had graduated from the public schools before this appeal was taken to this Court. Obviously

no decision we could render now would protect any rights she may once have had, and this Court does not sit to decide arguments after events have put them to rest. *United States* v. *Alaska Steamship Co.*, 253 U. S. 113, 116.

The complaint is similarly niggardly of facts to support a taxpayer's grievance. Doremus is alleged to be a citizen and taxpayer of the State of New Jersey and of the Township of Rutherford, but any relation of that Township to the litigation is not disclosed to one not familiar with local geography. Klein is set out as a citizen and taxpayer of the Borough of Hawthorne in the State of New Jersey, and it is alleged that Hawthorne has a high school supported by public funds. In this school the Bible is read, according to statute. There is no allegation that this activity is supported by any separate tax or paid for from any particular appropriation or that it adds any sum whatever to the cost of conducting the school. No information is given as to what kind of taxes are paid by appellants and there is no averment that the Bible reading increases any tax they do pay or that as taxpayers they are, will, or possibly can be out of pocket because of it.

The State raised the defense that appellants showed no standing to maintain the action but, on pretrial conference, perhaps with premonitions of success, waived it and acquiesced in a determination of the federal constitutional question. Whether such facts amount to a justiciable case or controversy is decisive of our jurisdiction.

This Court has held that the interests of a taxpayer in the moneys of the federal treasury are too indeterminable, remote, uncertain and indirect to furnish a basis for an appeal to the preventive powers of the Court over their manner of expenditure. *Alabama Power Co.* v. *Ickes*, 302 U. S. 464, 478–479; *Massachusetts* v. *Mellon*, 262 U. S. 447, 486 *et seq.* The latter case recognized, however, that "The interest of a taxpayer of a municipality in

the application of its moneys is direct and immediate and the remedy by injunction to prevent their misuse is not inappropriate." 262 U. S. at 486. Indeed, a number of states provide for it by statute or decisional law and such causes have been entertained in federal courts. *Crampton* v. *Zabriskie,* 101 U. S. 601, 609. See *Massachusetts* v. *Mellon, supra,* at 486. Without disparaging the availability of the remedy by taxpayer's action to restrain unconstitutional acts which result in direct pecuniary injury, we reiterate what the Court said of a federal statute as equally true when a state Act is assailed: "The party who invokes the power must be able to show not only that the statute is invalid but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally." *Massachusetts* v. *Mellon, supra,* at 488.

It is true that this Court found a justiciable controversy in *Everson* v. *Board of Education,* 330 U. S. 1. But Everson showed a measurable appropriation or disbursement of school-district funds occasioned solely by the activities complained of. This complaint does not.

We do not undertake to say that a state court may not render an opinion on a federal constitutional question even under such circumstances that it can be regarded only as advisory. But, because our own jurisdiction is cast in terms of "case or controversy," we cannot accept as the basis for review, nor as the basis for conclusive disposition of an issue of federal law without review, any procedure which does not constitute such.

The taxpayer's action can meet this test, but only when it is a good-faith pocketbook action. It is apparent that the grievance which it is sought to litigate here is not a direct dollars-and-cents injury but is a religious difference. If appellants established the requisite special injury necessary to a taxpayer's case or controversy, it would

not matter that their dominant inducement to action was more religious than mercenary. It is not a question of motivation but of possession of the requisite financial interest that is, or is threatened to be, injured by the unconstitutional conduct. We find no such direct and particular financial interest here. If the Act may give rise to a legal case or controversy on some behalf, the appellants cannot obtain a decision from this Court by a feigned issue of taxation.

The motion to dismiss the appeal is granted.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE REED and MR. JUSTICE BURTON concur, dissenting.

I think this case deserves a decision on the merits. There is no group more interested in the operation and management of the public schools than the taxpayers who support them and the parents whose children attend them. Certainly a suit by all the taxpayers to enjoin a practice authorized by the school board would be a suit by vital parties in interest. They would not be able to show, any more than the two present taxpayers have done, that the reading of the Bible adds to the taxes they pay. But if they were right in their contentions on the merits, they would establish that their public schools were being deflected from the educational program for which the taxes were raised. That seems to me to be an adequate interest for the maintenance of this suit by all the taxpayers. If all can do it, there is no apparent reason why less than all may not, the interest being the same. In the present case the issues are not feigned; the suit is not collusive; the mismanagement of the school system that is alleged is clear and plain.

If this were a suit to enjoin a federal law, it could not be maintained by reason of *Massachusetts* v. *Mellon*, 262 U. S. 447, 486. But New Jersey can fashion her own

rules governing the institution of suits in her courts. If she wants to give these taxpayers the status to sue (by analogy to the right of shareholders to enjoin *ultra vires* acts of their corporation), I see nothing in the Constitution to prevent it. And where the clash of interests is as real and as strong as it is here, it is odd indeed to hold there is no case or controversy within the meaning of Art. III, § 2 of the Constitution.