244 P.2d 520

**MILLER et al. v. COOPER et al.**

No. 5250.

Supreme Court of New Mexico.

May 14, 1952.

W. T. O'Sullivan, Albuquerque, for appellants.

H. J. Guthmann, Lyle E. Teutsch, Jr., Santa Fe, Philip H. Dunleavy, Albuquerque, amicus curiae, for appellees.

McGHEE, Justice.

The plaintiffs brought this action as taxpayers and members of the Board of Directors of the Lindrith School District in Rio Arriba County against the officers of the State Board of Education, the County Board of Education, the Director of the Certification Department of the State Board of Education, the principal of the school, three of its teachers, its janitor and the minister of the Baptist Church at Lindrith.

The object of the suit was to permanently bar the principal and teachers from again teaching in the public schools of New Mexico, because of their claimed teaching of religion in the public school at Lindrith, the dissemination of sectarian religious magazines among the pupils and other acts which were claimed to violate various provisions of the federal and our state constitutions relating to the separation of Church and State. The plaintiffs sought to invoke the penalty of Sec. 55–1102, N.M.S.A., 1941 Comp., which reads:

> "No teacher shall use any sectarian or denominational books in the schools or teach sectarian doctrine in the schools, and any teacher violating the provisions of this section shall be immediately discharged, his certificate to teach school revoked, and be forever barred from receiving any school moneys and employment in the public schools in the state. Provided, that this section shall not be construed to interfere with the use of school buildings for other purposes authorized by the county board after school hours."

The trial court entered judgment of dismissal as to all defendants except Cooper and Anson. Cooper was the principal and also taught in the school, while Anson was a teacher. The judgment enjoined Cooper and Anson from teaching religion in the school, but the plaintiffs were denied the other relief sought against them, and such denial is the sole basis of the appeal.

Only three acts of which the plaintiffs complain merit consideration here, and they are the holding of the Baccalaureate services in the Baptist Church, the holding of Commencement exercises in the Presbyterian Church, and the dissemination of religious pamphlets through the public schools.

The churches were the only buildings in the Lindrith community with sufficient seating capacity to accommodate the pupils and the people of the community who desired to attend these functions. The Legion Hall was large enough to accommodate those who desired to attend but it did not have sufficient seating capacity.

These functions are of great interest to the pupils and their relatives, and like other communities throughout the state the churches are the only buildings which could comfortably accommodate those present. We are firmly committed to the doctrine of separation of Church and State, both by our constitutional provisions and statutes, as well as our decision in Zellers v. Huff, 55 N.M. 501, 236 P.2d 949; but we do not feel they require us to prohibit the holding of these time honored programs in a building where all who desire to attend may be accommodated. Neither are we fearful that those conducting the services or exercises will fail to observe the proprieties of the occasion and thus give offense to anyone attending.

The trial court correctly refused to enjoin the holding of such services or exercises in a church where there was no other suitable auditorium or place available.

The charge the defendants were using the school as a medium for the dissemination of religious pamphlets published by the Presbyterian Church presents a different situation. It is true the teachers did not hand them to the pupils or instruct that they be taken or read. The pamphlets were, however, kept in plain sight in a school room and were available to the pupils and the supply was evidently replenished from time to time. We condemned such practice in Zellers v. Huff,

supra, and condemn it here and hold the trial court was in error when it failed to enjoin such acts on the part of the defendants Anson and Cooper. The Pamphlets were kept in the room where Anson taught, but we assume such could only happen with the approval of the principal, Cooper. We will not, however, overturn the action of the trial court in refusing to bar the defendants Cooper and Anson from employment as teachers in the public schools. Instead, we follow the precedent set in the Zellers case where we accepted the judgmnt of the trial court that certain of the teachers should not be permanently barred from teaching in the public schools when the evidence disclosed far more flagrant violations than are present here.

The other practices of which the plaintiffs complain were only occasional and trivial; we pass them without notice as we did the same acts in the Zellers case.

This appeal was submitted ahead of the Zellers case and decision was delayed so both cases could be decided together. However, at the request of the plaintiffs in this case we then withheld decision awaiting the determination by the United States Supreme Court of the case of Doremus v. Board of Education, from New Jersey, 5 N.J. 435, 75 A.2d 880, in order to learn whether there would be a modification of the decision in People of State of Illinois ex rel. McCollum v. Board of Education,

333 U.S. 203, 68 S.Ct. 461, 92 L.Ed. 648, 649, where it was held there could be no religious instruction in the public schools. Unfortunately, the question in the Doremus case became moot by reason of the graduation of the pupil involved, and the appeal was dismissed without decision on its merits. 342 U.S. 429, 72 S.Ct. 394. We then learned of the case of Zorach v. Clauson, on appeal from a decision of the Court of Appeals of New York, 303 N.Y. 161, 100 N.E.2d 463, and postponed decision here awaiting the action of the United States Supreme Court in that case. 72 S. Ct. 679. That decision was announced April 28, 1952, but it does not aid us in the present determination.

The action of the trial court in refusing to enjoin the further employment of the defendants Cooper and Anson in the public school of Lindrith, or to bar them as teachers in the public schools of New Mexico will be affirmed, but its refusal to enjoin the dissemination of religious literature in the school was erroneous, and that part of the judgment is reversed and the cause remanded with instructions to enter a new judgment enjoining such practice.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and COORS, JJ., concur.