Richard SMITH et al., Plaintiffs and

v.

Charles F. DENNY et al., Defendants and Appellees.

No. 22861.

United States Court of Appeals
Ninth Circuit.

Oct. 20, 1969.

Kristin B. Glen (argued), Victor Rabinowitz, Leonard B. Boudin and Michale B. Standard, of Rabinowitz, Boudin & Standard, New York City, Benjamin Dreyfus, of Garry, Dreyfus, McTernan & Brotsky, San Francisco, Cal., for appellants.

Robert A. Rehberg (argued), County Counsel, Redding, Cal., for appellees.

ORDER DISMISSING APPEAL

Before CHAMBERS and CARTER, Circuit Judges, and JAMESON, District Judge.*

PER CURIAM:

The motion to dismiss is granted. The plaintiffs (appellants) now have no interest whatever in the litigation. The children for whom the suit was brought have graduated from high school, thus depriving them and their parents of any continuing interest in the litigation.

Appellants resist the motion with an impressive array of authorities. We think this is one case still covered by Doremus v. Board of Education, 342 U.S. 429, 72 S.Ct. 394, 96 L.Ed. 475.

Subsequent authorities indicate that where there is a strong chance that the same complained of conduct will reoccur and the same plaintiffs be offended by it, the cause is not necessarily moot.

Moore v. Ogilvie, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 is the best authority of appellant, but we distinguish it this way:

In Moore the appellants, who were candidates for the post of presidential elector, challenged the exclusion of their names from the ballot. The Supreme Court decided that although the election was over, the case was not moot because the appellants would again be subjected to the state election law at issue if they chose to again seek election as presidential electors. The appellants here do not show how they might ever be subjected to the pledge of allegiance ceremony held in Redding, California, secondary schools by directive of the Redding school board or suffer any direct harm therefrom. Thus, while the appellants in Moore faced

* Honorable William J. Jameson, United States District Judge for the District of Montana, sitting by designation.

the possibility of future direct harm, the appellants here fail to demonstrate such a possibility and none is apparent to us.

The contention that appellants have a standing as taxpayers we regard as too fragile a hook to hang a legal claim on here.