Mrs. Sylvia D. Nelson BROWN and Others Similarly Situated

v.

L. C. LUTZ, Superintendent, Martin J. Kahao, Jr., as President of West Baton Rouge Parish Schools, and the Members of the West Baton Rouge Parish School Board In Their Official Capacity, Namely, Joseph Lester Tullier, Charles K. Marionneaux, Larry A. Lebauve, Harrell L. Loup, Sr., Mrs. Elizabeth Wilkinson, Martin J. Kahao, Jr., Lee John Breauz, Arthur J. Bergeron.

Civ. A. No. 70–23.

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

Sept. 25, 1970.

Alfred E. Mitchell, Plaquemine, La., for plaintiffs.

John F. Ward, Jr., Burton, Roberts & Ward, Baton Rouge, La., for defendants.

WEST, Chief Judge:

The complainant in this action, Mrs. Sylvia D. Nelson Brown, seeks an injunction: (1) to prevent the West Baton Rouge Parish School Board from lending free public school textbooks to children attending private, segregated schools; (2) to prevent the West Baton Rouge Parish School Board from leasing publicly owned buildings, particularly the Erwinville Elementary School, no longer used as a public school, to private concerns to house a private, segregated school; and (3) to prevent the West Baton Rouge Parish School Board from providing free bus transportation for students attending private, segregated schools. It has been stipulated that the West Baton Rouge Parish School Board (1) does provide textbooks and supplies to private schools; (2) that it has leased an unused school building to a private school; and (3) that it does furnish transportation to children, some of whom attend private schools. The question of whether or not these private schools are, in fact, segregated schools, is a matter not stipulated to.

The plaintiffs contend that the only reason textbooks are being loaned, the Erwinville Elementary School is being leased, and the transportation is being provided to students attending private schools is to circumvent the court ordered unitary public school system. Therefore, plaintiffs contend that allowing public funds designated for public schools to be used as private schools is, in reality, a public school system continuing to foster a system of forbidden segregation, and is therefore violative of the due process clause of the Fourteenth Amendment to the United States Constitution. Although it is not specifically alleged, the fact that the actions of the School Board are alleged to be an attempt to circumvent court ordered desegregation would possibly raise the question of whether or not the plaintiffs' rights as members of the Negro race to equal protection of the laws under the Fourteenth Amendment are in any way being violated.

Jurisdiction is allegedly based on the Fourteenth Amendment, the Civil Rights Act of 1964, 28 U.S.C.A. § 1343, and 42 U.S.C.A. § 1983. In addition to the merits, there is also pending before this Court defendants' motions to dismiss: (1) for lack of standing to sue; (2) for lack of substantial federal question; (3) for lack of indispensable parties defendant; (4) for dismissal based upon 28 U.S.C.A. § 2281; and (5) for failure to state a claim upon which relief can be granted.

■ We will consider first the motion to dismiss for lack of plaintiffs' standing to sue. Mrs. Sylvia D. Nelson Brown merely alleges that she is a taxpayer, an adult Negro citizen of the United States and of the State of Louisiana; and that her domicile is in West Baton Rouge Parish, Louisiana; and that she is suing for her own behalf and on behalf of "others similarly situated." She does not allege in her complaint that she has any children attending either public or private schools, nor does she allege any connection whatsoever with either public or private schools. She

does not allege financial damage of any kind. Her only complaint is that she is a taxpayer and that "the lending of public school books and materials to private schools and individuals is violative of the due process clause of the Fourteenth Amendment of the Constitution of the United States, in that, the funds used to purchase these books and materials are funds allocated specifically for public schools."

Such allegations are not sufficient to give this plaintiff standing to bring this suit. What was said in Doremus v. Board of Education, 342 U.S. 429, 72 S. Ct. 394, 96 L.Ed. 475 (1952), is equally true here:

"The party who invokes the power [to assail some act of the State] must be able to show, not only that the statute is invalid, but that he has sustained or is immediately in danger of sustaining some direct injury as a result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally." 72 S. Ct. at 397.

The Court in *Doremus* further said:

"It is apparent that the grievance which it is sought to litigate here is not a direct dollars-and-cents injury but is a religious difference. If appellants established the requisite special injury necessary to a taxpayer's case or controversy, it would not matter that their dominant inducement to action was more religious than mercenary. It is not a question of motivation but of possession of the requisite financial interest that is, or is threatened to be, injured by the unconstitutional conduct. We find no such direct and particular financial interest here." 72 S.Ct. at 397–398.

Later, in Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), in considering the right of a taxpayer to sue to prevent federal expenditures, the United States Supreme Court said:

"The 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.' Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). In other words, when standing is placed in issue in a case, the question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable * * * A taxpayer may or may not have the requisite personal stake in the outcome, depending upon the circumstances of the particular case." 88 S.Ct. 1952–1953.

 Under the facts of this case, the plaintiff simply does not allege such a "personal stake in the outcome of the controversy" as to give her standing to bring this suit. It is not a question of whether or not the issues presented are justiciable. The fact that a federal question might be involved does not of itself give anyone and everyone standing to litigate the question. The requisites of standing must be alleged and shown. Plaintiff neither alleges nor shows in any way that she has such standing to litigate this question, and hence, the motion of defendants to dismiss for lack of standing must be granted. This holding, of course, eliminates the necessity of determining the validity of the other motions presented and it also, of course, eliminates the necessity of considering this matter, at this time, on its merits.

Judgment will be entered dismissing this suit for lack of plaintiffs' standing to sue.