25 F.3d 1039
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Walter K. HANAK; West Virginians for Taxpayers Rights,
Incorporated, Plaintiffs-Appellants,
v.
John R. TAYLOR; Sammy D. Dalton; Charlotte Pritt; A.
Keith Wagner; John M. Withers; Robert Beach; Dwight
Richard Browning; Brenda K. Brum; Delores W. Cook; Tracy
Dempsey; Ron A. Fragale; Paul R. Higgins; Gregory D.
Martin; Jerry L. Mezzatesta; Margaret Miller; David E.
Miller; Dave L. Pethel; Roman W. Perzioso, Jr.; Sharon
Spencer; Dale Manuel; Mark A. Manchin, Defendants-Appellees.
 No. 93-2052.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 14, 1994.
Decided: May 24, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Robert R. Merhige, Jr., Senior District Judge, sitting by designation. (CA-92-15-M)
 John Christian Yoder, Harpers Ferry, West Virginia, for Appellants.
 Alison Elizabeth Patient, Morris Everett Mowery, West Virginia House of Delegates, Charleston, West Virginia, for Appellees.
 Michael R. Crane, West Virginia Senate, Charleston, West Virginia, for Appellees.
 N.D.W.Va.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and WILKINSON and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants allege violations of the United States and West Virginia Constitutions. We affirm in part, and vacate and remand in part.
 
 
 2
 * Appellant Walter K. Hanak is a history professor at Shepherd College, part of the West Virginia state college system. At the time of the district court's decision, he had filed a Precandidacy Registration Form for the state House of Delegates, organized a campaign committee, opened a bank account for the campaign, and received contributions. At oral argument, his counsel stated that Hanak has now formally declared his candidacy and is running in the primary against a public school teacher.
 
 
 3
 Hanak claims that if he wins the election he will be required, under the state legislature's current application of the Incompatibility Clause of the state constitution,[1] to resign his tenured professorship at the state college before he may be seated in the legislature. He contends that this interpretation of the Clause forces him to choose between his professorship and a seat in the legislature and harms his candidacy by placing doubts in voters' minds as to whether, if elected, he will actually serve.
 
 
 4
 In counts one and two of the amended complaint, Hanak alleged that the disparate treatment of public secondary and elementary school employees, who have been allowed to serve in the legislature without resigning their teaching jobs, and of state college professors, who apparently are not, violates his rights to equal protection and due process. Hanak brought these claims against the Speaker of the House of Delegates and the President of the Senate in their official capacities, seeking a declaratory judgment that his federal constitutional rights are being violated.
 
 
 5
 In count three, Hanak brought a state law claim against twenty-one legislators who are also public school employees, alleging that they were violating the Incompatibility Clause of the West Virginia Constitution by serving in two capacities "under th[e] State." See W. Va. Const., art. VI, Sec. 13. He requested the removal of the public school employee/legislators from their public school positions and the return to the taxpayers of the salaries paid to these public school employees while in the legislature.
 
 
 6
 The West Virginians for Taxpayers Rights, Inc. ("Taxpayers Rights"), joined Hanak as a plaintiff in all three counts. According to the amended complaint, Taxpayers Rights is a corporation "set up by West Virginia citizens and taxpayers to promote the welfare of tax payers of West Virginia and to discourage wasteful and unnecessary expenditures of public funds." (J.A. 16.)
 
 
 7
 The district court concluded that Appellants lacked standing to bring this suit. In the alternative, assuming arguendo that Appellants had standing, it also concluded that, as a matter of law, public school employees were not employees "under th[e] State" because they were employed by the county boards of education. The court granted summary judgment to Appellees on all counts.
 
 II
 
 8
 We review the district court's grant of summary judgment de novo. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir.1990) (citations omitted). To establish the "irreducible constitutional minimum of standing," plaintiffs "must have suffered an 'injury in fact'--an invasion of a legally-protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2136 (1992) (internal citations and quotation marks omitted). The alleged injury also must be traceable to the actions of which plaintiffs complain, and it must be "likely" that a favorable decision would redress it. Id.
 
 
 9
 Applying these principles to this case, we conclude that neither Hanak nor Taxpayers Rights has suffered an injury-in-fact. Hanak has not yet won the primary, much less the general election. He has not been refused a seat in the legislature, nor been required to resign his teaching position.[2] If he should win the election, it would take legislative action to challenge his ability to sit without resigning his professorship. See Wilson v. Moore, 346 F.Supp. 635, 637-38 (N.D.W. Va.1972) (three-judge panel). This uncertainty about whether Hanak will win the election and, if he does win, whether a majority of the legislature will vote to exclude him unless he resigns his teaching position, renders his alleged injury too speculative to constitute an injury-in-fact.[3]
 
 
 10
 Hanak also claims that the alleged disparate treatment makes him a less attractive candidate to voters, who he believes will harbor doubts about whether he will be seated in the legislature. This alleged injury is also conjectural. Voters are just as likely to assume that Hanak is aware of the Incompatibility Clause and is willing to resign his teaching position if he is elected. It is also speculative whether voters would base their vote on such an issue. If a voter prefers candidate Hanak, it is conjecture to suppose that he would vote for his opponent solely because the Incompatibility Clause may apply to him. Given these uncertainties, we conclude that Hanak's speculation about the effect the alleged disparate treatment will have on voters' perceptions of his candidacy does not amount to a "concrete and particularized" injury.[4]
 
 
 11
 As to Taxpayers Rights, Appellants make no argument that it has standing to raise the federal claims, relying solely on the contention that Hanak has standing.[5] The amended complaint's failure to allege any injury to Taxpayers Rights or its members as a result of the alleged disparate treatment is fatal to the organization's standing. See Warth v. Seldin, 422 U.S. 490, 511 (1975). Moreover, the organization's stated purpose, the relief it requested, and the record suggest that its alleged injury is the purported harm to the public fisc caused by the dual role of public school employee-legislators. This alleged harm does not warrant the exercise of federal jurisdiction. Doremus v. Board of Educ., 342 U.S. 429, 433-34 (1952). Accordingly, we conclude that Taxpayers Rights lacks standing because it alleges no injury, and any injury that it could conceivably claim is one suffered by all taxpayers and citizens of West Virginia.
 
 III
 
 12
 The Appellants lack standing to raise their federal claims. Federal jurisdiction to consider the merits of these claims is therefore absent. Under these circumstances, a federal court should not exercise jurisdiction over a state law claim. United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966). Accordingly, we affirm the district court's grant of summary judgment on the federal claims for lack of jurisdiction, and vacate the portion of its decision that addressed the merits of Appellants' claims.[6] We remand the case for the limited purpose of dismissing Appellants' state law claim without prejudice.
 
 
 13
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART
 
 
 
 [1]
 The section of the state constitution that is referred to as the Incompatibility Clause provides:
 No person holding any other lucrative office or employment under this State, the United States, or any foreign government; no member of Congress; and no person who is sheriff, constable, or clerk of any court of record, shall be eligible to a seat in the legislature.
 W. Va. Const., art. VI, Sec. 13.
 
 
 [2]
 This case, therefore, is distinguishable from Clements v. Fashing, 457 U.S. 957 (1982). The provision of the Texas Constitution considered in that case provided for the automatic resignation of certain current state officeholders if they merely declared their candidacy for another state or federal office. Id. at 960-62. Here, the Incompatibility Clause creates no bar to being considered for the legislative position
 
 
 [3]
 In addition, the parties cite no case from a West Virginia court, nor have we found one, that addresses the scope of the Incompatibility Clause. Given our resolution of this case, we take no position on the question to whom the Clause applies
 
 
 [4]
 Hanak also claims that if the district court had allowed discovery he "believe[s] he could gather additional facts, information, and documentation to show many different ways in which [he has] suffered injury as a college professor." (J.A. 78.) Hanak's bare assertions fail to demonstrate that the district court abused its wide discretion when it denied such discovery. See Erdmann v. Preferred Research, Inc., 852 F.2d 788, 792 (4th Cir.1988) ("The scope and conduct of discovery ... are within the sound discretion of the district court.")
 
 
 [5]
 See, e.g., General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 402 n. 22 (1982) (stating that if one plaintiff has standing, there is "Art. III jurisdiction to entertain those common issues presented by all plaintiffs") (citations omitted)
 
 
 [6]
 Given our disposition of the case, we need not reach Appellants' claim that they should have been allowed discovery into whether the positions of public school employee and state legislator are incompatible