**JONESFILM, Plaintiff–Appellant,**

v.

**LIONS GATE FILMS, INC., Lions Gate International, Sterling Home Entertainment, Home Box Office, a division of Time Warner Entertainment Company, L.P., Barnholtz Entertainment, Inc., The Carousel Picture Company Secs, The Carousel Picture Company Sarl, High Concept Productions, Inc., Lewis Horwitz Organization, a division of Southern Pacific Bank and Southern Pacific Bank, Defendants–Appellees.**

**Docket No. 03–7013.**

**United States Court of Appeals, Second Circuit.**

June 2, 2003.

Barry L. Goldin, Allentown, Pa., for Appellant.

Marcia B. Paul, Kay & Boose, New York City, for Appellees.

Present: KEARSE, STRAUB, and RAGGI, Circuit Judges.

### *SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the appeal be and it hereby is dismissed for lack of jurisdiction.

Plaintiff Jonesfilm appeals principally from a January 3, 2003 order of the United States District Court for the Southern District of New York, Loretta A. Preska, *Judge,* granting the motion of defendants Lions Gate Films, Inc., *et al.* (collectively "Lions Gate"), pursuant to the Federal Arbitration Act ("FAA"), *see* 9 U.S.C. § 4, to compel Jonesfilm to submit its trademark infringement and other claims against Lions Gate to arbitration. Jonesfilm also appeals from a December 23, 2002 order temporarily enjoining Jonesfilm from proceeding against NTTS Productions Ltd. ("NTTS"), a nonparty to the present action, in a related arbitration ("Jonesfilm/NTTS arbitration"), pending resolution of defendants' motion to compel Jonesfilm to arbitrate the above claims against Lions Gate. On appeal, Jonesfilm contends that the district court erred in compelling it to arbitrate with Lions Gate, arguing that it had no agreement with Lions Gate, and that the court lacked jurisdiction to stay the Jonesfilm/NTTS arbitration pending resolution of Lions Gate's motion to compel. For the following reasons, we dismiss the appeal for lack of jurisdiction.

■ As to the December 23, 2002 order, we lack jurisdiction because that order enjoined Jonesfilm from arbitrating against NTTS only until the district court

had decided the motion by Lions Gate to compel Jonesfilm to arbitrate against Lions Gate. The district court decided Lions Gate's motion to compel on January 3, 2003. The prohibition against Jonesfilm's continuing its arbitration against NTTS thus came to an end, and the December 23, 2002 order become moot. The Constitution limits the jurisdiction of Article III courts to matters that present actual cases or controversies. *See* U.S. Const. art. III, § 2, cl. 1. A matter that has become moot does not present an actual case or controversy, *see, e.g., Altman v. Bedford Central School District,* 245 F.3d 49, 70–71 (2d Cir.2001); the federal courts "do[ ] not sit to decide arguments after events have put them to rest," *Doremus v. Board of Education,* 342 U.S. 429, 433, 72 S.Ct. 394, 96 L.Ed. 475 (1952). Accordingly, we lack subject matter jurisdiction of so much of the appeal as challenges the December 23, 2002 order.

As to the January 3, 2003 order, we lack jurisdiction because the FAA provides that, except in circumstances not present here, "an appeal may not be taken from an interlocutory order ... granting a stay of any action under section 3 of this title," 9 U.S.C. § 16(b)(1), or "compelling arbitration under section 206 of this title," *id.* § (b)(3). Although Jonesfilm contends that the district court's order is appealable based on the Supreme Court's decision in *Green Tree Financial Corp. v. Randolph,* 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), its reliance is misplaced. In contrast to the above provisions prohibiting immediate appeal from interlocutory orders compelling arbitration, the FAA provides that "[a]n appeal may be taken from ... a *final* decision with respect to an arbitration that is subject to this title," 9 U.S.C. § 16(a)(3) (emphasis added). In *Green Tree,* the district court not only had compelled arbitration but also had dismissed the underlying claims. *See* 531

U.S. at 83. The Supreme Court, noting that the district court's order was thus a "final decision" in the traditional federal jurisprudential meaning of that phrase, ruled that the order was a final decision within the meaning of § 16(a)(3) and hence was appealable. *See* 531 U.S. at 86–87. The Court noted that "[h]ad the District Court entered a stay instead of a dismissal in this case, that order would not be appealable. 9 U.S.C. § 16(b)(1)." *Green Tree*, 531 U.S. at 87 n. 2.

█ In the present case, the January 3, 2003 order compelled Jonesfilm to arbitrate its claims against Lions Gate, but that order did not dismiss the action or Jonesfilm's underlying claims. Jonesfilm has not called to our attention any other order dismissing the action or indicating that the district court intended to close the case, and we have seen no such order in the record. To the contrary, the penultimate docket entry in the district court states, "Case reopened. Per call from chambers"; and the final docket entry states that the motion to compel was granted and that a motion to stay the proceedings was granted. Accordingly, the January 3, 2003 order compelling Jonesfilm to arbitrate is an interlocutory order as to which the FAA prohibits an immediate appeal, and we lack appellate jurisdiction to hear so much of Jonesfilm's appeal as challenges that order.

We have considered all of Jonesfilm's contentions in support of appealability and have found them to be without merit. The appeal is dismissed for lack of jurisdiction.