Neil NOVESKY, Plaintiff–Appellant,

v.

Glenn S. GOORD, Commissioner of the New York State Department of Correctional Services, Defendant–Appellee.

No. 03–0198.

United States Court of Appeals, Second Circuit.

Jan. 11, 2005.

Robert N. Isseks, Alex Smith, Middletown, NY, for Plaintiff–Appellant.

Julie S. Mereson, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Daniel Smirlock, Deputy Solicitor General, on the brief), Albany, NY, for Defendant–Appellee.

PRESENT: FEINBERG, LEVAL, and STRAUB, Circuit Judges.

SUMMARY ORDER

Plaintiff–Appellant Neil Novesky appeals from a judgment of the District Court for the Northern District of New York (Thomas J. McAvoy, *Judge* ), entered July 2, 2003, dismissing Novesky's First Amended Complaint in its entirety. Novesky alleges that Defendant–Appellee, Glenn S. Goord, as Commissioner of the New York State Department of Correctional Services ("DOCS"), violates the Establishment Clause by utilizing taxpayer money to operate two DOCS activities, which Novesky claims foster an unconstitutional state endorsement of religion. The first is the utilization of inmate work

crews to perform renovation work on churches. The second is one component of DOCS's Shock Incarceration Program that uses a rehabilitation model based on the 12–Step Alcoholics Anonymous ("A.A.") program, but with the explicit religious references of the A.A. program replaced with secular language.

The District Court adjudicated Novesky's claims in two oral decisions. In the first, delivered on September 10, 2001, the court held that Novesky did not have taxpayer standing to challenge the inmate work crews because he failed to challenge funding disbursed pursuant to a specific statutory mandate, and had failed to show that "a measurable amount of spending can be attributed solely to the painting of the church and the clean up around churches." The court then assumed *arguendo* that standing existed and ruled on the merits of the Establishment Clause challenge to the inmate work crew program, finding that under the test pronounced in *Lemon v. Kurtzman*, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971), and *Agostini v. Felton*, 521 U.S. 203, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997), the program had a secular purpose, did not foster an excessive entanglement with religion, and did not rise to the level of a government endorsement of religion. The court therefore granted summary judgment to Defendant on that claim. After development of the record, the District Court ruled on the Shock Incarceration Program claim in an oral opinion on April 14, 2003. The court ruled that Novesky lacked taxpayer standing to challenge the program because the statute he identified does not allocate funding specifically to that program, and because he did not allege that additional taxpayer funds were paid to state employees, over and above their standard salaries, to carry out the Shock Program. Because the court found that Novesky lacked standing, it declined to address the merits of his claim.

We review the District Court's grant of summary judgment *de novo*, construing all facts in the light most favorable to Novesky as the non-moving party and drawing all reasonable inferences in his favor. *McCarthy v. Am. Int'l Group, Inc.*, 283 F.3d 121, 123–24 (2d Cir.2002). "[I]t is the burden of the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Bd. of Educ. of Mt. Sinai Union Free Sch. Dist. v. N.Y. State Teachers Retirement Sys.*, 60 F.3d 106, 109 (2d Cir. 1995) (internal quotation marks omitted).

"State taxpayers, like federal taxpayers, do not have standing to challenge the actions of state government simply because they pay taxes to the state." *Id.* at 110. To assert taxpayer standing, a plaintiff must allege a "good-faith pocketbook" action. *Doremus v. Bd. of Educ. of Hawthorne*, 342 U.S. 429, 434, 72 S.Ct. 394, 96 L.Ed. 475 (1952); *Mt. Sinai*, 60 F.3d at 110. " '[T]he party ... must be able to show, not only that the statute is invalid, but that he has sustained or is immediately in danger of sustaining some direct injury as a result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally.' " *Doremus*, 342 U.S. at 434 (quoting *Massachusetts v. Mellon*, 262 U.S. 447, 488, 43 S.Ct. 597, 67 L.Ed. 1078 (1923)). In other words, the plaintiff must show "a measurable appropriation or disbursement of [state] funds occasioned solely by the activities complained of." *Id.; see also Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 74 (2d Cir.2001).

We find that Novesky has failed to demonstrate such "a measurable appropriation" here. Rather, Novesky challenges discrete elements of two rehabilitation programs funded out of DOCS's general budget, and administered by government em-

ployees whose salaries are funded by tax dollars. Such allegations do not constitute the type of "direct injury" necessary to confer state taxpayer standing. *See Altman,* 245 F.3d at 74.

We affirm the District Court's judgment that Novesky lacked standing to bring the instant complaint and therefore do not reach the District Court's ruling on the merits of Novesky's Establishment Clause claim regarding the inmate work crew program.

We have considered all of Novesky's taxpayer standing arguments in support of his appeal and find them to be without merit. For the forgoing reasons, the District Court's judgment is AFFIRMED.