SUMMARY ORDER
Plaintiffs appeal the district court’s grant of summary judgment in favor of defendant on the grounds that plaintiffs failed to establish (1) Article III standing to challenge the Saugerties Central School District’s (the “school district” or “district”) “communications protocol” for teachers to voice complaints “relating to [their] personal employment situation,” and (2) that a reasonable factfinder could *716 conclude that the challenged protocol posed a real and substantial risk of suppressing protected speech. Because we conclude, on de novo review, that the plaintiffs lack standing, we need not reach the other ground for disposition. We assume the parties’ familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.
“ ‘[T]o satisfy Article Ill’s standing requirements, a plaintiff must show (1) it has suffered an “injury in fact” that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.’ ” Pacific Capital Bank, N.A. v. Connecticut, 542 F.3d 341, 350 (2d Cir.2008) (alteration in original) (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)).
1. Turner, Matthews, and VanDeBogari’s Standing as Third-Party Recipients of Protected Speech
Plaintiffs Turner, Matthews, and VanDeBogart are not employees of the school district and, therefore, are not subject to the challenged protocol. Nevertheless, these plaintiffs assert standing as third-party recipients of the protected speech of individuals who are employed by the school district and are subject to the challenged policy. See Spargo v. N.Y. State Comm’n on Judicial Conduct, 351 F.3d 65, 83 (2d Cir.2003) (citing Virginia State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc., 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976), for the proposition that “the First Amendment protects not only the right to engage in protected speech, but also the right to receive such speech” where “a willing speaker exists”). We are not persuaded that principle is applicable here.
The success of a third-party recipient’s First Amendment claim is “entirely derivative” of the First Amendment right of the speaker subject to the challenged regulation. See id. at 83-84 (internal quotation marks omitted). A third-party action thus presupposes a willing speaker. Where such a speaker exists “the protection afforded is to the communication, to its source and to its recipients both.” Virginia State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc., 425 U.S. at 756, 96 S.Ct. 1817; see also Spargo v. N.Y. State Comm’n on Judicial Conduct, 351 F.3d at 84 (noting that third parties “could have a protected interest in hearing [a willing speaker] speak ... only if [the willing speaker] has an underlying First Amendment right to engage in such speech”). Plaintiffs’ failure to identify a “willing speaker” subject to the challenged policy from whom they may derive Article III standing is fatal to their claim. See Spargo v. N.Y. State Comm’n on Judicial Conduct, 351 F.3d at 84 n. 19 (noting that potential “[r]eeipients of protected communications have standing only if there is a speaker who wishes to express himself or herself” (emphasis added; internal quotation marks omitted)). We will not infer the existence of a willing speaker from the mere existence of the communications protocol, for to do so would eviscerate Article Ill’s requirement that a party demonstrate a specific and particularized injury in fact.[1] See Pacific Capital Bank, N.A. v. *717 Connecticut, 542 F.3d at 350; Spargo v. N.Y. State Comm’n on Judicial Conduct, 351 F.3d at 84 n. 19 (noting that “whether the injury is phrased as a deprivation of information that the listener would find useful or the interference with a relationship between speaker and listener, a government regulation cannot cause that injury unless plaintiffs can identify a willing speaker” (internal quotation marks and alterations omitted)). To the extent plaintiffs point to a “media exception” to the willing speaker requirement, see, e.g., Davis v. E. Baton Rouge Parish Sch. Bd., 78 F.3d 920, 927 (5th Cir.1996) (noting that “many circuits have found media standing to challenge confidentiality orders without expressly finding the existence of a willing speaker,” but declining to reach the issue), we need not address the issue because plaintiffs have demonstrated no media interest.
2. Price’s Standing as a Former Teacher in the District
Plaintiff Price, a former employee of the school district, asserts standing to challenge the communications protocol because of her “possible return to the school district” “as a substitute or part-time teacher.” This argument requires little discussion, for it is well-settled that such a conjectural and hypothetical injury is insufficient to support Article III standing. See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (“[T]he plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is ... actual or imminent, not conjectural or hypothetical.” (internal quotation marks omitted)); Brooklyn Legal Servs. Corp. v. Legal Servs. Corp., 462 F.3d 219, 226 (2d Cir.2006) (“[Fjederal courts will not adjudicate hypothetical disputes.”).
We have considered all of plaintiffs’ arguments in support of standing and have found them to be without merit. Because we conclude that plaintiffs lack standing to challenge the school district’s communications protocol, we need not reach the merits of plaintiffs’ First Amendment claim. For the foregoing reasons we will AFFIRM the district court’s judgment.

. To the extent plaintiffs argue that they have state taxpayer standing to challenge the protocol independent of their alleged status as third-party recipients, we reject that theory. See Board of Educ. of Mt. Sinai Union Free Sch. Dist. v. N.Y. State Teachers Ret. Sys. (“Mt. *717 Sinai"), 60 F.3d 106, 110 (2d Cir.1995) ("State taxpayers, like federal taxpayers, do not have standing to challenge the actions of state government simply because they pay taxes to the state.”). Plaintiffs have failed to demonstrate that theirs is a "good-faith pocketbook” action in which they have suffered a “direct dollars-and-cents injury.” See Doremus v. Bd. of Educ. of Hawthorne, 342 U.S. 429, 434, 72 S.Ct. 394, 96 L.Ed. 475 (1952); Mt. Sinai, 60 F.3d at 110; see also Hein v. Freedom From Religion Found., Inc., 551 U.S. 587, 127 S.Ct. 2553, 2563, 168 L.Ed.2d 424 (2007) (citing Doremus approvingly in explaining rejection of plaintiffs’ claim to federal taxpayer standing). To the extent plaintiffs argue that they have standing based on the overbreadth doctrine, we reject that theory as well. See Farrell v. Burke, 449 F.3d 470, 499 (2d Cir.2006) ("We allow a party to bring an overbreadth challenge where[, inter alia,] that party satisfies the Article III requirement of injury-in-fact.” (internal quotation marks and alterations omitted)).