104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Robert L. SCHULTZ, Marcelline Haskell, Ralph Haskell, Joseph
L. Connors, and Leonard Schleicher, Plaintiffs-Appellants,
v.
THE NEW YORK STATE UNIFIED COURT SYSTEM; Judith Kaye, Chief
Judge; The New York State Legislature; Joseph Bruno,
Majority Leader of the Senate; Sheldon Silver, Speaker of
the Assembly, Defendants-Appellees.
 No. 96-7625.
 United States Court of Appeals, Second Circuit.
 Dec. 9, 1996.
 
 Appeal from the United States District Court for the Northern District of New York (Scullin, J.).
 APPEARING FOR DEFENDANTS-APPELLEES: Robert L. Schultz, pro se, Queensbury, NY; Marcelline Haskell, pro se, Troy, NY; Ralph Haskell, pro se, Troy, NY; Joseph L. Connors, pro se, Troy, NY; Leonard Schleicher, pro se, Troy, NY. Frank K. Walsh, Assistant Attorney General (Dennis C. Vacco, Attorney General), Albany, NY.
 N.D.N.Y.
 AFFIRMED.
 PRESENT: VAN GRAAFEILAND, JACOBS, and CALABRESI, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York, and was argued pro se.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 Robert L. Schultz, Marcelline Haskell, Ralph Haskell, Joseph Connors, and Leonard Schleicher, all members of the "All-County Taxpayers Association" (the "Association") appeal from an order of the United States District Court for the Northern District of New York (Scullin, J.), dismissing their civil rights complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.
 
 
 1
 The Association filed an action under 42 U.S.C. § 1983, alleging that N.Y. Fin. Law § 123(b)(1), which allows taxpayers to sue state officials for equitable or declaratory relief for alleged misappropriations of state funds, was unconstitutional insofar as it contained an exception: taxpayers cannot sue to challenge a bond or note issue. The Association argued that the exception violated their federal "privileges and immunities," under the federal Constitution, and violated Article I, § 9 of the New York State Constitution insofar as it abridged their right to "petition the government." The Association sought a declaration that the exception was unconstitutional, and a permanent injunction barring the New York State courts from enforcing it.
 
 
 2
 The defendants did not answer the complaint, but rather moved to dismiss. In reply, the Association moved for summary judgment. On April 11, 1996, the district court denied the Association's motion, and granted the defendant's motion from the bench, "for the reasons stated in the record." An order was entered on April 30, 1996, and final judgment was entered on May 3, 1996. The Association filed timely notice of appeal.
 
 
 3
 On appeal, the Association argues, inter alia, that 1) Chief Judge Kaye is "personally involved" in the acts complained of, because she wrote or concurred in two decisions adverse to Schultz, apparently relying on N.Y. State Fin. Law § 123.b(1), see Schultz v. State, 81 N.Y.2d 336 (1993); Schultz v. State, 84 N.Y.2d 231 (1994); 2) judicial immunity does not protect judges from claims for injunctive relief, just as legislative immunity does not protect legislators from claims for declaratory relief; 3) the bond exception in § 123.b(1) violates their "First Amendment right to petition the government for redress of grievances and the right of access to the courts"; 4) § 123.b(1) is violative of the privileges and immunities clause of the Fourteenth Amendment; 5) § 123.b(1) is violative of the "republican form of government" clause of Article IV of the United States Constitution.
 
 
 4
 To begin, the claims against the New York Courts and the New York state legislature were properly dismissed on the ground of immunity. Section 1983 does not overrule the broad immunity afforded to states and their agencies by the Eleventh Amendment. Pennhurst State School & Hospital v. Halderman, 486 U.S. 89, 99 (1983); Dube v. State Univ. of New York, 900 F.2d 587 (2d Cir.1990); see also Alabama v. Pugh, 438 U.S. 781 (1983).
 
 
 5
 The claims against Speaker Silver and Majority Leader Bruno were also properly dismissed. Legislators generally enjoy absolute immunity from § 1983 liability for official conduct "within the sphere of legitimate legislative authority." Tenney v. Brandhove, 341 U.S. 367, 376 (1951); Supreme Court of Virginia v. Consumers Union, 446 U.S. 719, 731-32 (1980). The immunity extends to claims for declaratory or equitable relief, as well as for monetary relief. Consumers Union, 446 U.S. at 733 (citing Eastland v. United States Serviceman's Fund, 421 U.S. 491, 503 (1975). Even if these two legislators were involved in the enactment of § 123.b(1), this activity would fall directly within the sphere of legitimate legislative authority.
 
 
 6
 Although Chief Judge Kaye is not absolutely immune from claims for prospective injunctive relief, Pulliam v. Allen, 446 U.S. 522, 541-42 (1984); Mireles v. Waco, 502 U.S. 9, 10 n. 1 (1991), the Association's § 1983 claim against her fails. Section § 123.b(1) is a state statute that affirmatively confers taxpayer standing in the state courts. Under federal law, however, taxpayer standing does not exist, see Commonwealth of Massachusetts v. Mellon, 262 U.S. 447 (1923), except for certain cases where a taxpayer alleges that the federal government has violated the Establishment Clause. Flast v. Cohen, 392 U.S. 83 (1968); see also Schlesinger v. Reservists to Stop the War, 418 U.S. 208, 219-21, 227-28 (1974) (discussing citizen and taxpayer standing).
 
 
 7
 If under federal law, a taxpayer suit creates no justiciable "case or controversy" under Article III of the Constitution, the Association cannot assert a federal constitutional right to broad taxpayer standing simply by virtue of the fact that New York State, by statute, has gone beyond the federal Constitution and authorized such suits. See Board of Education of the Mt. Sinai Union Free School District v. New York State Teachers Retirement System, 60 F.3d 106, 110 (2d Cir.1995). Because there is no federal right to taxpayer standing, this § 1983 action fails. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.1991) (§ 1983 plaintiff must show, inter alia, that she was denied a "federal right").
 
 
 8
 Additionally, the Association has not alleged a concrete injury of a kind that would otherwise suffice to confer federal standing. See, e.g., Board of Education of the Mt. Sinai Union Free School District, 60 F.3d 106. In federal court, state taxpayers generally do not have standing by virtue of their status, and may only challenge a state's action in a " 'good faith pocketbook action' in which the taxpayer alleges a 'direct and particular financial interest.' " Id. (quoting Doremus v. Board of Education of Hawthorne, 342 U.S. 429, 434-35 (1952)). The Association members have not specified how they will be harmed if denied taxpayer standing in the future, or indeed any other concrete injury.
 
 
 9
 We have considered all of plaintiffs-appellants' remaining contentions on this appeal and have found them to be without merit. The judgment of the district court is AFFIRMED.