**Affirmed and Majority Opinion and Concurring Opinion filed October 17, 2013.**



In the

# Fourteenth Court of Appeals

---

### NO. 14-12-00819-CV

---

## LONE STAR COLLEGE SYSTEM AND RICHARD CARPENTER, Appellants

### V.

## IMMIGRATION REFORM COALITION OF TEXAS (IRCOT), Appellee

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-79110**

---

## C O N C U R R I N G   O P I N I O N

I write separately to urge the Texas Supreme Court to take this case and clarify the law of taxpayer standing. While I believe that the majority opinion reaches the correct result under current case law, it is based on cases that deal with municipal taxpayer standing and not state taxpayer standing. The Texas Supreme Court has not yet directly addressed state taxpayer standing (other than to conclude

that payment of local sales taxes does not confer municipal taxpayer standing), and I would urge the court to clarify the law and ultimately to conclude that a taxpayer must show more than just payment of taxes into the state general fund for standing to sue a municipality or local government entity over the expenditure of those funds.

The facts are undisputed. The grants at issue are funded solely through the state's general fund. The only basis that IRCOT alleges for standing is that one or more of its members pays franchise taxes, attorney occupation taxes, or oil and natural gas production taxes into the general fund. These state taxes are three types of taxes among hundreds of other sources of taxes and fees that make up the general fund. IRCOT presented no other evidence linking its payment of taxes to the disputed funds at issue and presented no other evidence of injury. IRCOT claims that Lone Star's conduct—following our state law authorizing these grants—violates federal law.

This is a case of first impression. The Texas Supreme Court has never directly recognized taxpayer standing on the basis of payment of taxes into the general fund. The court has found taxpayer standing based on the payment of property taxes and, in the same case, rejected standing based on the payment of sales taxes. *Williams v. Lara*, 52 S.W.3d 171, 179–80 (Tex. 2001). I acknowledge that the court has stated that taxpayers in Texas need not demonstrate a particularized injury to enjoin the illegal expenditure of public funds. *Id.* at 179. Yet, the court in *Williams* went on to cite with approval the federal test for taxpayer standing. *See id.* at 181.

The *Williams* court looked to federal law for guidance on taxpayer standing:

> Under federal law, taxpayer standing is divided into three categories—federal, state and municipal—depending on which

2

entities expenditures are being challenged. To have standing to challenge a federal expenditure, taxpayers must establish a logical nexus between being a taxpayer and the type of action challenged, and demonstrate a link between their taxpayer status and the precise nature of the constitutional violation alleged. *See Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 479–80, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982); *Flast v. Cohen*, 392 U.S. 83, 102–03, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968). State taxpayer standing involves a similar test derived for the most part from *Doremus v. Board of Education*, 342 U.S. 429, 72 S. Ct. 394, 96 L. Ed. 475 (1952). In that case, which involved allegations of both state and municipal taxpayer standing, the Court rejected the taxpayers' standing to challenge a state statute providing for the reading of Old Testament verses at the opening of each public-school day. The Court held that the plaintiffs had not shown "the requisite financial interest that [was], or [was] threatened to be, injured by the unconstitutional conduct." *Id.* at 435, 72 S. Ct. 394. The test for municipal taxpayer standing, on the other hand, clearly involves less stringent requirements. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 612, 109 S. Ct. 2037, 104 L. Ed. 2d 696 (1989) (Kennedy, J.) (explaining that the relative closeness between municipalities and their taxpayers justifies a more lenient test for establishing municipal taxpayer standing than for establishing federal-taxpayer standing). Municipal taxpayers need only establish that they pay taxes to the relevant entity, and that public funds are expended on the allegedly unconstitutional activity. *See Massachusetts v. Mellon*, 262 U.S. 447, 486–87, 43 S. Ct. 597, 67 L. Ed. 1078 (1923); *ACLU–NJ v. Township of Wall*, 246 F.3d 258, 262–63 (3d Cir. 2001); *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 793–96 (9th Cir. 1999); *Doe v. Duncanville Indep. Sch. Dist.*, 70 F.3d 402, 408 (5th Cir. 1995); *Gonzales v. North Township of Lake County*, 4 F.3d 1412, 1416 (7th Cir. 1993).

52 S.W.3d at 181 (footnotes omitted).

The court concluded that "[b]ecause these standards mirror what is necessary to establish taxpayer standing in Texas, we look to the jurisprudence of municipal taxpayer standing to guide us . . . ." *Id.* But in *Williams* the taxpayer

3

found to have standing claimed it on the basis of his payment of property taxes to the municipality—the county.

The majority opinion analyzes this case under the municipal taxpayer standing test rather than the state taxpayer standing test. While it is true that IRCOT is challenging a municipal expenditure, it is a municipal expenditure funded solely by state taxes. Under these circumstances, the closeness between the taxpayer and the municipal entity is lacking. I believe the Texas Supreme Court should formally adopt and apply the state taxpayer test, and conclude IRCOT lacks standing to bring this case because it failed to show the requisite financial interest that was injured or threatened by the allegedly illegal conduct. *See Doremus v. Bd. of Educ. of Hawthorne*, 342 U.S. 429, 435 (1952).

In *DaimlerChrysler Corp. v. Cuno*, the United States Supreme Court considered whether state taxpayers had standing to bring an action in federal court to challenge whether certain state tax credits attempting to target new investment violated the Commerce Clause. There, the plaintiffs attempted to argue standing based on their status as Ohio taxpayers, but the Court held that state taxpayers have no Article III standing to challenge state tax or spending decisions simply by virtue of their taxpayer status. 547 U.S. 332, 346 (2006). In doing so, the Court applied *Doremus*:

> The foregoing rationale for rejecting federal taxpayer standing applies with undiminished force to state taxpayers. We indicated as much in *Doremus v. Board of Ed. of Hawthorne*, 342 U.S. 429, 72 S. Ct. 394, 96 L. Ed. 475 (1952). In that case, we noted our earlier holdings that "the interests of a taxpayer in the moneys of the federal treasury are too indeterminable, remote, uncertain and indirect" to support standing to challenge "their manner of expenditure." *Id.* at 433, 72 S. Ct. 394. We then "reiterate[d]" what we had said in rejecting a federal taxpayer challenge to a federal statute "as equally true when a state Act is assailed: 'The [taxpayer] must be able to show . . . that he

4

has sustained . . . some direct injury . . . and not merely that he suffers in some indefinite way in common with people generally.'" *Id.* at 433–434, 72 S. Ct. 394 (quoting *Frothingham* [*v. Mellon*, 262 U.S. 447, 448 (1923)]); *see ASARCO* [*Inc. v. Kadish*, 490 U.S. 605, 613–14 (1989)] (opinion of KENNEDY, J.) ("[W]e have likened state taxpayers to federal taxpayers" for purposes of taxpayer standing (citing *Doremus*, *supra*, at 434, 72 S. Ct. 394)).

*DaimlerChrysler*, 547 U.S. at 345. The Court also rejected the plaintiffs' attempt to recast their state taxpayer standing claim as a municipal taxpayer standing claim. Even though they argued that the local governments' funds were depleted by the state tax benefits, the Court concluded "plaintiffs' challenge is still to the state law and state decision, not those of their municipality." *Id.* at 349–50.

Similarly, if IRCOT had sued Lone Star in federal court for violating federal law, it would have had no Article III standing—whether based on state or municipal taxpayer status—to do so. Why then should IRCOT have standing to bring the same claim in state court? *See* Paul J. Katz, *Standing in Good Stead: State Courts, Federal Standing Doctrine, and the Reverse-Erie Analysis*, 99 Nw. U. L. REV. 1315, 1344–49 (2005) (arguing for expansion of reverse-*Erie* cases to the standing context).

I therefore urge the Texas Supreme Court to take this case and apply the state taxpayer test to IRCOT's claims and dismiss the case for lack of standing.

/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Jamison, and McCally (Christopher, J., Concurring). (Jamison, J. Majority) (McCally, J., joins in the Majority Opinion and in the Concurring Opinion).